TROPHEM BORODAEFF, DEFENDANT IN CERTIORARI, v. PROVINCE LINE DAIRY, INCORPORATED, PROSECUTOR IN CERTIORARI.

Argued May 7, 1931—Decided May 13, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor in *certiorari, Coult, Satz & Tomlinson* (*De Voe Tomlinson,* of counsel).

For the defendant in *certiorari, James S. Turp.*

The opinion of the court was delivered by

TRENCHARD, J.   This writ brings up for review a judgment of the Mercer County Court of Common Pleas which reversed the order of the workmen's compensation bureau dismissing the petition for compensation.

The situation was this:   On April 19th, 1929, between one and two P. M., the petitioner, while at work in the dairy of the Province Line Dairy, Incorporated, hurt himself "in the side" while lifting a forty-quart can of milk.   He had to stop work immediately because of the "bad" pain, and notified his boss, who sent him to a doctor.   The doctor examined him and noticed "nothing definite" but told him to come back the next morning at eight A. M., and then the boss took him home.   The next morning, still in pain, the peti-

tioner noticed a lump on his abdomen. At eight A. M., his boss took him to the doctor's office, who diagnosed the case as one of "right inguinal hernia" requiring an operation which was performed at once at a hospital. That was about eighteen hours after the strain. A petition was filed for compensation and the workmen's compensation bureau dismissed it on the ground that the first of the five requirements to establish a compensable hernia was not established, namely, "first, the descent of the hernia immediately followed the cause." On appeal by the employe the Mercer County Court of Common Pleas reversed that order and entered judgment for the workman. The employer now prosecutes this writ.

Of course this is not a case of "real traumatic hernia." But the employer concedes that the proof presents a compensable case of hernia caused by strain in every respect except the one above mentioned, namely, "the descent of the hernia immediately followed the cause."

Now the language of the act requiring construction is this:

"Hernia is a disease which ordinarily develops gradually, being very rarely the result of an accident. Where there is real traumatic hernia resulting from the application of force directly to the abdominal wall, either puncturing or tearing the wall, compensation will be allowed. All other cases will be considered as either congenital or of slow development and not compensable, being a disease rather than an accidental injury; unless conclusive proof is offered that the hernia was immediately caused by such sudden effort or severe strain that, first, the descent of the hernia immediately followed the cause; second, that there was severe pain in the hernial region; third, that there was such prostration that the employe was compelled to cease work immediately; fourth, that the above facts were of such severity that the same was noticed by the claimant and communicated to the employer within twenty-four hours after the occurrence of the hernia; fifth, that there was such physical distress that the attendance of a licensed physician was required within twenty-four hours after the occurrence of the hernia." *Pamph. L.* 1923, *p.* 104.

Thereby it seems clear that the phrase "immediately followed the cause" should not be construed to mean "instantly followed the strain." Probably in most such cases there is some appreciable lapse of time between the cause and the descent. No doubt the word "immediately" is sometimes used in the sense of "instantly," but that is by no means its only meaning. Webster's New International Dictionary gives the following definition of "immediately:" "Without intermediary; in direct connection or relation; in a way to concern or affect directly or closely; without intervention of any person or thing; proximately."

We think that the phrase "immediately followed the cause" should be held to mean "soon enough and in such manner as to make it appear clear that the descent was the effect of the strain and pain complained of which forced cessation of work."

This is apparent when we consider the additional requirement of the statute that the pain and prostration "were of such severity that the same was *noticed by the claimant* and communicated to the employer *within twenty-four hours after the occurrence of the hernia."* We believe that the view we take finds support in the case of *Yannone* v. *Hind Steel Wire Works,* 9 *N. J. Mis. R.* 501; *affirmed, post, p.* 352. The real purpose of the precautions laid down by the legislature in the section here involved is to protect the employer from claims for hernia not actually caused by the accident. In this case the only medical witness said, "I frankly think it was caused by the accident," and considering the other undisputed evidence, we think the judgment for the employe was entirely justified under the rule stated.

The judgment will be affirmed, with costs.