WILLIAM D. GORDON, SECRETARY OF BANKING OF THE COMMONWEALTH OF PENNSYLVANIA, IN POSSESSION OF THE BUSINESS AND PROPERTY OF BANK OF PHILADELPHIA AND TRUST COMPANY, PLAINTIFF, v. EDWIN DAVIS AND ELIZA P. DAVIS, DEFENDANTS.

Decided November 8, 1933.

For the motion, *Meyer L. Sakin.*

Opposed, *Meehan Brothers.*

LAWRENCE, S. C. C. This is a suit on a foreign judgment. It was obtained by plaintiff against the defendants in the Court of Common Pleas, No. 5, for the county of Philadelphia, in the State of Pennsylvania, at the September term of that court, 1932. An exemplified copy of the record discloses that it was there entered on a bond and warrant of attorney by confession of judgment. The answer here filed sets up that at the time of the entry of the judgment, defendants were resident in the State of New Jersey and were not served with process in the proceeding in Pennsylvania. An examination of the record is sufficient to indicate that the answer should

be stricken as sham. A bond and warrant of attorney was executed by defendants in connection with a mortgage covering premises (apparently a second encumbrance) owned by defendants in Philadelphia. The debt secured was not paid and the mortgage was foreclosed. On a sale of the property, a deficiency in the mortgage debt resulted, whereupon judgment was entered therefor on the bond in pursuance of the warrant of attorney, under the Pennsylvania statute. Service of process on defendants was consequently not necessary and the fact that they were at the time residents in New Jersey is immaterial. *Smith* v. *Swart,* 103 *N. J. L.* 150; 134 *Atl. Rep.* 755. Any real defense defendants may have had was and is subject to consideration in the court where the judgment was originally entered on an application to open it. A rule may be entered striking the answer here filed as sham. There being no other questions involved, judgment may be entered for the debt, interest and costs.