THOMAS GRANATA, PETITIONER, v. D. W. McGEE CONSTRUCTION COMPANY, RESPONDENT.

Submitted May 12, 1934—Decided December 27, 1934.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the petitioner, *Frank G. Turner.*

For the respondent, *Edwin Joseph O'Brien.*

The opinion of the court was delivered by

HEHER, J. Petitioner seeks a review, by *certiorari,* of a judgment of the workmen's compensation bureau, dismissing his "supplemental petition" for compensation for "additional or increased disability." There has been no appeal to the Court of Common Pleas. Petitioner asserts that neither he nor his counsel received notice of the dismissal of the petition until after the time for appeal to that court had expired. But, inasmuch as we find no error in the challenged judgment, it is unnecessary to pursue this phase of the case.

Concededly, petitioner suffered personal injuries by an accident which arose out of and in the course of the employment. This accident occurred on October 2d, 1923. The employer, recognizing its obligation in the premises, voluntarily made compensation payments on the basis of twenty-five per cent. of total and permanent disability. In April, 1927, petitioner filed, in the Compensation Bureau, a petition alleging that the consequents of the accident were spinal and internal injuries with resultant permanent disability. An answer was filed by respondent. On July 18th, 1927, after formal hearing, there was an award of compensation on the basis of seventy-five per cent. of total and permanent disability. The employer was allowed a credit for the payments voluntarily made. It is conceded that the issue of the nature and extent of petitioner's disability was litigated in that proceeding. The award was not the result of a mere agreement of compromise approved by the bureau. While the answer to the supplemental petition, incorporated in the state of the case, affirms that the award was made "at an informal hearing," the affidavit of petitioner's attorney avers that respondent's answer to the original petition admitted "said injuries," but alleged that "petitioner had been fully compensated for temporary and permanent disability on account of said injuries," and that "a hearing was had on said petition and a determination and rule for judgment entered in favor of the petitioner," awarding compensation on the basis of seventy-five per cent. of total and permanent disability. The deputy commissioner found that

the "determination" of July 18th, 1927, was "a judgment and not a settlement agreement." And petitioner's counsel admits, in his brief, that the "petition was formally tried." While he also states on the brief that the judgment thereon "was entered on condition that the case may be reopened on cause being shown," the judgment was not made a part of the state of the case, and there is no proof to support this claim. It is therefore unnecessary to consider it further.

It is now claimed that the disability has increased since the entry of the judgment, and that it has become total in character and permanent in quality. The supplemental petition was filed within one year after the date of the last payment of compensation under the judgment.

Prior to the enactment of chapter 279 of the laws of 1931 (*Pamph. L.* 1931, *p.* 704), amending paragraph 21 (f) of the Compensation act, it was well settled that where there was a formal adjudication on the merits, and payment of the judgment, a petition such as is presented here would not lie. That statute then did not authorize, in such a situation, the reopening of the judgment, and a readjudication on the theory of increased disability. The payment of the judgment was not such a "last payment of compensation," in the statutory sense, as would support an application to "review the award," within a year after the judgment is satisfied. *Herbert* v. *Newark Hardware, &c., Co.,* 107 *N. J. L.* 24; *affirmed,* 109 *Id.* 266. In that case, Mr. Justice Parker said: "The acts cited and quoted above (section 5 of chapter 149 of the laws of 1918, as amended by chapter 229 of the laws of 1921, and section 3, paragraph 23 (h) of the Workmen's Compensation act, as amended by chapter 93 of the laws of 1919) are in *pari materia,* and as we read them are not, nor is any of them, directed to the situation of a contested claim litigated and reduced to judgment, and the judgment paid and satisfied. They point to three, and only three, dates as setting the running of the year in motion: (a) the occurrence of the accident, not followed by any petition, or voluntary payment by employer, or agreement for compensation; (b) failure of employer in making payment after agreeing to do so;

(c) cessation of payment by employer either after agreement or voluntarily without agreement. The case at bar is not within any of these classes, but is simply an attempt to increase the damages after judgment and review on the ground of newly discovered evidence. No such procedure is contemplated by the statute; * * *." And the subsequent affirmation of the judgment on review would not be an indispensable requisite to finality in respect of the right to additional compensation for increased disability. The parties may be content with the judgment, and therefore seek no review. Compare *Federated Metals Corp.* v. *Boyko,* 11 *N. J. Mis. R.* 807; affirmed, 112 *N. J. L.* 87; *Federal Leather Co.* v. *DeRensis,* 113 *Id.* 235. There is no rational distinction, in this regard, between a newly discovered injury and newly discovered disability. It is not the injury, but the disability consequent thereon, that is compensable. The inquiry is to ascrtain the character of the proceeding. Has the liability under the statute been litigated, and a final determination on the merits had, or was the disposition a mere agreement of compromise, approved by the compensation bureau? Compare *Lusczy* v. *Seaboard By-Products Co.,* 101 *Id.* 170; *Thomas* v. *Liondale Bleach, &c., Co.,* 10 *N. J. Mis. R.* 255; affirmed, 110 *N. J. L.* 27; *George Palm Construction Co.* v. *Bahr,* 10 *N. J. Mis. R.* 756; affirmed, 110 *N. J. L.* 455; *Harris* v. *International Motor Co.,* 9 *N. J. Mis. R.* 208. It is apparent that the instant case falls into the former category, and there was, therefore, no error in the dismissal of the petition.

The amendment of 1931, *supra,* providing, *inter alia,* that a formal award may be "reviewed within two years from the date when the injured person last received a payment, * * * on the ground that the incapacity of the injured employe has subsequently increased," is not applicable. The judgment here was entered before that statute came into being. Compare *McLaughlin* v. *Hahne & Co.,* 12 *N. J. Mis. R.* 6; *Rogers* v. *Pennsylvania Railroad Co.,* 81 *N. J. L.* 40.

Application denied, but without costs.