J. W. FERGUSON COMPANY, PROSECUTOR-APPELLANT, v. WILLIAM SEAMAN, DEFENDANT-RESPONDENT.

Argued October 22, 1937—Decided January 26, 1938.

For the appellant, *Merritt Lane.*

For the respondent, *George Pellettieri.*

The opinion of the court was delivered by

HEHER, J. This case arose under the Workmen's Compensation act of 1911. *Pamph. L., pp.* 134, 763. The question for decision is whether the amendment of section 21(f) of that statute, effected by chapter 279 of the laws of 1931 (*Pamph. L., p.* 704), providing for a review of a formal award within two years from the date of the last payment of compensation to the injured employe, on the ground of increased incapacity, is applicable where the accident happened prior to the adoption of the amendment and the award was entered thereafter.

The accident—a fall from a scaffold—occurred on September 16th, 1929. On May 6th, 1931, a "determination and rule for judgment" was entered in the compensation bureau, based upon an agreement between the parties, awarding to the employe seventy-one weeks' compensation for temporary disability, part of which had been paid, and one hundred and sixty-six and two-thirds weeks' compensation for permanent incapacity. A second petition was filed; and the proceedings thereon culminated on March 14th, 1935, in a formal award of additional compensation, based on permanent disability to the extent of fifty per cent. of total. The employer appealed; and judgment of affirmance was entered in the Pleas on August 2d, 1935. This judgment was paid three days thereafter. On October 16th, 1935, the employe presented to the bureau, under section 21(f), as thus amended, the instant petition for compensation for increased disability. The deputy commissioner found, among other things, brain atrophy of at least one-eighth of an inch, and compensation was awarded for total and permanent incapacity. There was an affirmance in the Common Pleas. These

judgments were rested upon the finding of an increase of disability subsequent to the entry of the "formal award." The Supreme Court, on *certiorari,* affirmed the judgment of the Pleas; and the employer appeals.

The insistence is that, so construed, the amendment is to that extent violative of the provisions of the fourteenth amendment of the Federal Constitution, guaranteeing "due process of law" and the "equal protection of the laws," the due process clause of the State Constitution (article I, paragraph 1), and paragraph 1, section X of article I of the Federal Constitution and paragraph 3 of section VII of the State Constitution, disabling the legislature from the passage of laws impairing the obligation of contracts. Ours is essentially an elective and not a compulsory scheme of compensation.

This court, in *McLaughlin* v. *Hahne & Co., 12 N. J. Mis. R.* 6; *affirmed, 113 N. J. L.* 32, ruled that the applicancy of the amendment of 1931, *supra,* is determined by the "date of the award," and not by the "date of the accident" (see, also, *Granata* v. *D. W. McGee Construction Co.,* 114 *Id.* 89) ; and the specific argument made by appellant is that "the provisions of the statute as it existed at the time of the happening of this accident, and at the time of the cessation of the relationship of master and servant, were parts of the contract," and that, "in determining whether to continue to operate under section II, the employer had the right to take into consideration the provisions of the statute as to review." It is pointed out that, under the statute as it existed prior to this amendment, the petition for increased compensation would not be maintainable under the circumstances here presented; and the contention is that "the changes in section 21 (f) by the amendments of 1931 * * * affect the substantive rights of the parties," rather than the time for invoking the remedy, in that under the prior statute the employe could recover compensation only for the disability "as it existed one year after the happening of certain events or, at the most, one year plus the usual time of bringing to hearing," while, by virtue of the amendment, the employe was vested with the

right to recover compensation for disability "as it existed two years after the happening of certain events plus the usual time of bringing to hearing," and, furthermore, at least one of the "events from which the time is to be computed was changed for, prior to the amendments of 1931, the statute . as it had been construed in *Herbert* v. *Newark Hardware Co.,* 107 *N. J. L.* 24; *affirmed,* 109 *Id.* 266, and *Granata* v. *D. W. McGee Construction Co., supra,* did not permit a payment on account of a judgment to be considered as a voluntary payment from which to date the running of the one-year limitation read into section 21(f) under the authority of *Lusczy* v. *Seaboard By-Products Co.,* 101 *Id.* 170." These are described as "substantial changes in the substantive rights of the parties;" and it is said that if the amendment be applied to the case in hand, there will result not only a change of remedy, but an impairment of the "contract obligation * * * after the contractual relationship of employer and employe has ceased and after the employer has been deprived of any opportunity of accepting or rejecting the changed contract."

While the question was raised in *Streng's Piece Dye Works, Inc.,* v. *Galasso,* 118 *N. J. L.* 257, its resolution was not necessary to the decision, and so it was passed.

We do not entertain the view so expressed. The amendment is essentially procedural in character. Its design was to effectuate the basic statutory policy of compensation—not beyond the prescribed maximum—for the entire disability ensuing from a compensable accidental injury. The parties then, as now, could not contract out of the statute; nor was the bureau invested with authority to sanction a settlement or compromise for less than the prescribed compensation. *P. Bronstein & Co.* v. *Hoffman,* 117 *N. J. L.* 500. Where, prior to this amendment, the award was "informal," whether or no it was based upon the agreement of the parties, a petition for compensation would lie at any time within one year after the last payment of compensation. In such cases, the test then was, as it now is, whether the compensation so paid was but a part of the compensation which "ought to be paid"

under the statute, and not whether it was the entire sum agreed to be paid in full satisfaction of the claim arising thereunder. And full compensation for the consequent disability was recoverable, irrespective of whether it existed at the time of the award or arose thereafter. But where there had been a "formal award"—a final determination on the merits in a litigated proceeding,—it had the conclusive character of a final judgment, both as to disability then existing and to arise *in futuro*. *P. Bronslein & Co.* v. *Hoffman, supra; Tucker* v. *Frank J. Bellramo, Inc.,* 117 *Id.* 72; *affirmed,* 118 *Id.* 301; *Ecken* v. *O'Brien,* 115 *Id.* 33; *affirmed,* 116 *Id.* 94; *Herbert* v. *Newark Hardware Co., supra; Lusczy* v. *Seaboard By-Products Co., supra.*

Thus it was that an increase of disability was compensable in the case of an informal award, provided the petition was filed within the prescribed period after the last payment of compensation, but not where there had been a formal award; and the evident purpose of the amendment was the effectuation of the statutory scheme of compensation for after-occurring disability (and diminishment in the case of decrease of incapacity), whether the award be formal or informal, by extending the time for the presentation of the petition therefor in the case of formal awards to correspond substantially with kindred provisions relating to informal awards. The amendment is to be read in the light of a companion act, chapter 280 of the laws of 1931 (*Pamph. L., p.* 708), extending the time for the enforceability of claims arising under the Compensation Act. The prognostic element necessarily entered into the formal award, and, as pointed out in *Tucker* v. *Frank J. Beltramo, Inc., supra,* the purpose of the revisory review is to correct the mistakes and inaccuracies ordinarily inherent in and incident to prognosis.

And so the amendment in question affects the remedy merely. Such a proceeding necessarily relates back to the original injury; it is designed to adjust the formal award to accord with an increase or diminution of the incapacity flowing from that injury, and thus to make effective the

statutory policy of compensation for the full disability—neither more nor less. This liability for compensation for the entire consequent incapacity, including any subsequent increase thereof, was basic in the statute as it then existed; and the amendment, in substance and effect, constituted but an extension—in harmony with the provisions relating to informal awards—of the time for bringing action to recover the compensation for such disability. It merely extended the time for the commencement of action to recover for the increased disability beyond the entry of the formal award.

As held in the case of *Tucker* v. *Frank J. Beltramo, Inc.,* *supra,* the judgment termed by the statute a "formal award" is still *res judicata* of all matters determinable at the time of its entry. But the statutory liability of the employer nevertheless comprehends compensation for the entire disability, within the fixed maximum. And the amendment, in furtherance of that policy, permits of a modification in consonance with the subsequent increase or diminishment of incapacity. There is no enlargement of the primary statutory liability; no new or additional burden is imposed. That was known to be the employer's obligation when he elected to accept the provisions of section II of the statute. The amendment was simply a regulation of the procedure to subserve the statutory policy—to insure the payment of the compensation prescribed for the actual period of disability, but no more. The employer has no constitutional or vested right to the maintenance of a procedural system that in some cases works a denial of the prescribed compensation, especially where there is made available to him a correlative remedy against the payment of compensation when disability has ceased. To hold that the employer cannot be called upon for compensation for increased disability after a formal award is to bestow upon the employe the reciprocal right to a continuance of compensation payments after such an award, even though disability has ended. And this would run counter to the spirit of the enactment.

The provision in question is in essence no different from one extending the period limited for the filing of petitions

for increased compensation, whether the award be formal or informal, whenever the incapacity increases, or for a reduction thereof in the case of diminishment, or for the filing of the original petition for compensation at a time when such changes are likely to have occurred. Such relate to the remedy only. See *Streng's Piece Dye Works, Inc.*, v. *Galasso, supra.*

Unlike the common law judgment for damages based upon negligence, which includes an allowance for all reasonably probable future injuries, and is payable immediately, the judgment under the Compensation act provides—unless commutation be authorized—for weekly payments during the probable period of disability. A provision for the revision of the award in accordance with subsequently occurring variations of incapacity makes for greater certainty in the enforcement of the essential statutory policy. It does not alter the substantive cause of action; it is rather a more efficient remedy for its enforcement. The formal award here was entered after the adoption of the amendment; and it is entirely reasonable to assume that the modifying power thus conferred entered into the fixation of the *quantum* of disability.

Appellant directs attention to the case of *Drake* v. *C. V. Hill & Co.*, 117 *N. J. L.* 290, in which it was held that "a petition for compensation for augmented incapacity, while predicated on the original judgment, initiates what is essentially a new proceeding based on a new factual situation;" and it is said that the result of the amendment in question, as applied to the case at hand, is "to create a cause of action after the contractual relationship between the parties has ceased." The fallacy of the conclusion is obvious. A new "*proceeding* based on a new *factual* situation" is not one for the enforcement of a new *cause of action*. Its object is to enforce the statutory liability arising from the original injury.

It suffices to add, respecting the contention directed to the time as of which the *quantum* of disability is determined, that in a litigated proceeding the employe is entitled to com-

582

pensation for the disability existent at the time of the final adjudication. *Drake* v. *C. V. Hill & Co., supra; Streng's Piece Dye Works, Inc.,* v. *Galasso, supra.*

The judgment is accordingly affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, CASE, BODINE, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 10.

*For reversal*—None.