NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

MORRIS SAVITT, PETITIONER, v. L. & F. CONSTRUCTION COMPANY AND NEW JERSEY MANUFACTURERS CASUALTY INSURANCE COMPANY, RESPONDENT.

Decided July 19, 1938.

For the petitioner, David Roskein.

For the respondent, George E. Meredith.

\*     \*     \*     \*     \*     \*     \*

The facts, as disclosed by the testimony, indicated that on January 13th, 1936, the petitioner was employed by the respondent and while so employed, sustained an accident which arose out of and in the course of his employment. He was in an elevator on premises No. 106 Market street, Newark, New Jersey, in and about his duties of carpenter, when the said elevator dropped, causing severe and permanent injuries to the petitioner. The injuries sustained by the petitioner included fractures of both os calcis, together with injuries to his back and body. Petitioner was compelled to cease work immediately and was removed in an ambulance to the St. Michael's Hospital where he remained until May 20th, 1936, under the care of Dr. J. Irving Fort, and upon release from the said hospital, he continued under the care of Dr. Fort until October 5th, 1936.

\*     \*     \*     \*     \*     \*     \*

I find and determine, from the facts as stipulated and admitted and as disclosed by the testimony, as follows:

Petitioner suffered a permanent disability, for which petitioner is entitled to receive compensation to be paid by the respondent, for a period of four hundred weeks, at the compensation rate of $20 per week, in the amount of $8,000.

It appears that the said accident of the petitioner is alleged to have been proximately caused by the negligence of certain third parties, and by reason thereof, the petitioner became vested with a cause of action at common law against the said third parties in addition to his right of action under the Workmen's Compensation act. The petitioner retained Harold Heller, Esq., a member of the bar of New Jersey, to investigate, institute and prosecute a common law action against said third parties and agreed to pay said attorney for the services to be rendered under said retainer, a sum equal to one-third of the amount of any settlement or recovery had against said third parties plus costs and expenses of investigation and suit, not to exceed $200. I find that the fees and expenses agreed to be paid by the petitioner to his said attorney, are reasonable fees and charges and are not in excess of those referred to in chapter 162 of the laws of 1936. *Rev. Slat.* 1937, 34:15-40.

In March, 1936, a suit in the Essex County Circuit Court of New Jersey, was instituted by the said Harold Heller as attorney for the petitioner herein, against the said third parties and which suit or action was settled on or about May 27th, 1937, by the payment by the third parties in the sum of $12,000, and by reason of said settlement, and in accordance with his agreement aforesaid, the petitioner became obligated to pay his said attorney, Harold Heller, the sum of $4,200, being $4,000 as and for his fee, and $200 as and for his expenses and costs incurred. Upon execution and delivery of the release of the petitioner and in consummation and in payment of said settlement, the said third parties and their insurance carrier delivered to the petitioner a series of checks totaling $12,000. One of the said checks was that of the Maryland Casualty Co., the insurance carrier of one

of the said third party *tort feasors,* in the amount of $1,382, to the order of the petitioner herein, Harold Heller, Esq., his attorney, and the New Jersey Manufacturers' Casualty Insurance Co., the insurance carrier of the respondent herein. This check was issued, drawn and delivered as aforesaid for apparently the following reasons:

From the date of the accident and for a period of thirty-eight weeks thereafter, and until approximately October 5th, 1936, the New Jersey Manufacturers' Casualty Insurance Company paid to the petitioner on account of his temporary disability, the sum of $20 for each week, or a total of $760, and subsequent to October 5th, 1936, to approximately May 3d, 1937, the said respondent's carrier paid to the petitioner on account of his permanent disability, the sum of $20 for each week, totaling $600. In addition thereto, the said New Jersey Manufacturers' Casualty Insurance Company paid a $22 medical bill. These payments so made, therefore, amount to $1,382. The said New Jersey Manufacturers' Casualty Insurance Company served notice of the making of said payments upon the third party *tort feasors* and the Maryland Casualty Company, the insurance carrier of one of the third parties and claimed reimbursement therefor. The said Maryland Casualty Company apparently made and delivered the aforesaid check of $1,382 payable in the manner above indicated, in order not to become involved in a dispute between the petitioner and the petitioner's attorney and the respondent herein or its insurance carriers, with reference to the rights in said check and the sum ·of $1,382 represented thereby.

The petitioner received the balance of said settlement after the deduction of the aforesaid check, which sum received by him amounted to $10,618. He paid out of this sum to his said attorney, Harold Heller, the sum of $4,200, being the fee, expenses and costs due the said attorney under the retainer agreement entered into as aforesaid. In addition, liens therefore having been filed, the petitioner paid out of said sum of $10,618, medical fees to Dr. J. Irving Fort, in the amount of $500, to St. Michael's Hospital, $923, and to the Newark City Hospital, $7, all of which total $1,430. Thus, the net

amount had and received by the petitioner, was the sum of $4,988.

It becomes necessary to determine the amount and the extent of credit to which the respondent is entitled to be released from its liability under the Workmen's Compensation act in this case, by reason of the moneys paid to the petitioner in settlement of the third party action.

The petitioner contends that the respondent is entitled to a credit of $7,800 on account of its liability herein, and asserts that the respondent is released of its liability only to the extent of the petitioner's net recovery from the third parties, that is, the sum of $12,000, less $4,200 for expenses of suit and attorney's fees, as aforesaid. The petitioner relies upon and contends that the rights of the respective parties hereto are controlled by chapter 162 of the laws of 1936 (*Rev. Stat.* 1937, 34:15-40), and not by chapter 279 of the laws of 1931, and this notwithstanding the fact that the accident occurred approximately five months prior to the enactment of chapter 162 of the laws of 1936. The respondent contends and makes claim for a credit of $12,000 which is the full amount paid by the third parties in settlement of the common law action brought by the petitioner, and predicates its claim upon the fact that on the date of the occurrence of the accident herein, the statute applicable was chapter 279 of the laws of 1931.

I find and determine that it is not material or dispositive of the rights of the parties that the accident herein occurred prior to the passage of chapter 162 of the laws of 1936. I hold and determine that the rights of the respective parties herein are controlled by the aforementioned statute and not by chapter 279 of the laws of 1931.

Chapter 162 of the laws of 1936 releases respondent or its insurance carrier from liability only to the extent of the recovery of the third parties after expenses of suit, not in excess of $200, and attorney's fees, not in excess of thirty-three and one-third per cent., have been deducted therefrom. Chapter 162 of the laws of 1936 does not change the substantive rights of the parties hereto and impairs no obligation of contract. It does not violate any federal or state consti-

tutional provisions. The contractural obligation of the employer has always been to pay full compensation to the employe in accordance with the act. Chapter 162 of the laws of 1936 does not enlarge this liability. It merely regulates to the end that the employe will receive full compensation for his injuries in accordance with the statute. If chapter 162 of *Pamph. L.* 1936 effects a change in the law, the change effected is merely a procedural or remedial change and, therefore, violates no constitutional rights of the respondent. *J. W. Ferguson Co.* v. *Seaman,* 119 *N. J. L.* 575; 197 *Atl. Rep.* 245.

It is not material that the accident herein occurred prior to the passage of chapter 162 of the laws of 1936. It seems to me that either the date of the payment by the third parties, which is May 27th, 1937, or the date of the entry of the award in this court, is controlling. No rights accrued to respondent or its insurance carrier until actual payment by the third parties. In a very analogous situation in *McLaughlin* v. *Hahne & Co.,* 12 *N. J. Mis. R.* 6; 169 *Atl. Rep.* 543; *affirmed,* 130 *N. J. L.* 32; 172 *Atl. Rep.* 566, it was held that the date of the occurrence of the accident is not determinative of the rights of the parties, but that the rights of the parties are determined as of the date of the award. This doctrine was repeated with approval by the Court of Errors and Appeals, in *J. W. Ferguson Co.* v. *Seaman, supra.*

The right of reimbursement sought by the respondent, in my opinion, is an action *in rem.* The right of the respondent is against the moneys collected by the petitioner in the third party action hereinbefore referred to. The *res* was not created until subsequent to the adoption of chapter 162, laws of 1936, in that the settlement was not made until some time subsequent thereto. It is my opinion that the law in effect at the time of the creation of the *res* is applicable. For the foregoing reasons, I find and determine that the respondent, by reason of the third party settlement, is entitled to a credit of $7,800 on account of its liability to the petitioner under the Workmen's Compensation act.

In the instant case, the recovery herein, under the Workmen's Compensation act, exceeds the amount recovered from

the third parties, less costs and attorney's fees. Under such circumstances, the rights of the parties are governed by section 23 (f)-3, as amended by chapter 162 of the laws of 1936. *Rev. Stat.* 1937, 34:15-40(c). This section holds that the employer is liable only for the difference between the amount of the employer's or insurance carriers' liability under the statute and the sum recovered by the employe from the third parties less attorney's fees and costs. This section further provides that the employer or his insurance carrier "shall be entitled to be reimbursed as hereinafter provided for so much of the medical expenses incurred and compensation payments theretofore paid to the injured employe or his dependents as exceeds the amount of such difference." The petitioner concedes that the respondent is entitled to an additional credit on account of its total liability hereunder to the extent of $1,382, heretofore paid out by the respondent's insurance carrier. With this contention, I agree and I therefore find and determine that the respondent is entitled to an additional credit in the amount of $1,382 on account of its total liability under this act.

After deducting from the said sum of $12,000 paid by the third parties to the petitioner in settlement as aforesaid, the legal fees and expenses in the sum of $4,200 and the medical and other charges actually paid by the petitioner and which should have been properly paid by the respondent in the sum of $1,430, the petitioner has actually left only $6,370 which should be applied toward the disability payments under the Workmen's Compensation act; that in addition thereto, petitioner has received from the respondent or its insurance carrier, the sum of $1,360 toward his temporary and permanent disability payments, thus making a total of $7,730 already received by the petitioner which represents disability payments for a period of three hundred eighty-six and one-half weeks, from January 13th, 1936, at the rate of $20 per week.

I therefore find and determine that payments by the respondent or its insurance carrier on account of disability, shall be deferred and postponed until there shall have been exhausted by the application of $20 per week, for a period of three hundred and eighty-six and one-half weeks from Janu-

ary 13th, 1936, the net proceeds hereinabove referred to already received by the petitioner in the sum of $7,730.

It is therefore, on this 19th day of July, 1938, ordered that judgment final be entered in favor of the petitioner and against the respondent, and its insurance carrier, the New Jersey Manufacturers' Casualty Insurance Company, as follows:

For temporary disability, a period of thirty-eight weeks, at the compensation rate of $20 per week, commencing January 13th, 1936, to October 5th, 1936 .............................. $760.00

For permanent disability, one hundred per cent. of permanent total disability, equivalent to a period of four hundred weeks at the rate of $20 per week, in the amount of ............. 8,000.00

For medical and hospital expenses hereinabove referred to ............................. 1,430.00

$10,190.00

And it is further ordered, that on account of said judgment aforementioned in the total sum of $10,190 the respondent is entitled to a credit of $7,800, being the net recovery from the third parties hereinabove referred to, after deducting attorney's fees and costs, and the respondent is entitled to an additional credit and not reimbursement, of $1,360, heretofore paid by the respondent, leaving therefore $1,030 remaining to be paid hereunder by the respondent.

And it is further ordered, that at the expiration of three hundred and eighty-six and one-half weeks from January 13th, 1936, the respondent pay to the petitioner the balance of $1,030, in weekly payments of $20 each until the said balance is paid in full.

\*        \*        \*        \*        \*        \*        \*

JOHN J. STAHL,
*Deputy Commissioner.*