MORRIS SAVITT, PETITIONER-RESPONDENT, v. L. & F. CONSTRUCTION CO., AND NEW JERSEY MANUFACTURERS INSURANCE COMPANY, RESPONDENTS-PROSECUTORS.

Argued May 3, 1939—Decided August 14, 1939.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutors, *Kellogg & Chance* (*R. Robinson Chance,* of counsel).

For the respondent, *David Roskein* (*Harry Cohn,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. Two major questions require decision in this workmen's compensation case.

*First:* Did the lower tribunals, in determining the credit to be given to the employer or its insurance carrier on their liability for the award in favor of the employe, correctly con-

clude (as it is urged for the employe) that the provisions of chapter 162, *Pamph. L.* 1936, *p.* 381 (*R. S.* 34:15-40), which were in force and effect on the day payment was actually made to the employe by third parties *tort feasors* in satisfaction of their liability in the premises, were controlling; or should the lower tribunals have concluded (as it is urged for the employer and its insurance carrier) that the provisions of chapter 279, *Pamph. L.* 1931, *p.* 704, which were in force and effect on the day the employe sustained the accident, were controlling.

*Second:* If the answer to the first question is in favor of the position taken by the employe, did the lower tribunals correctly apply the provisions of *R. S.* 34:15-40 to the facts in this cause?

In the interest of brevity the employe petitioner-respondent will be designated as the employe and the employer and its insurance carrier, respondents-prosecutors, will be designated as employer.

With this observation we pass to the facts which are free from dispute. To the end, however, of clearly presenting the stated questions a general statement of the facts is advisable.

Morris Savitt was employed by the L. & F. Construction Co., as a carpenter and cabinet maker at the wage of $40 a week. While so employed, on January 13th, 1936, he sustained compensable injuries. The details thereof are unimportant; for it is conceded that he became totally disabled. The provisions of chapter 279, *Pamph. L.* 1931, *supra,* were then in effect.

From the date of the acident to about May 3d, 1937, the insurance carrier for the employer paid to the employe the sum of $1,382 on account of temporary and permanent disability and medical bills.

Since the disability which the employe sustained arose out of an accident which was allegedly and admittedly the result of the actionable negligence of third parties *tort feasors,* the employe was not barred of his right of action at law against said *tort feasors.* *R. S.* 34:15-40.

Accordingly, in March of 1936 the employe, by his then attorney, Harold Heller, instituted a suit at law against the

said third party *tort feasors* in the Essex County Circuit Court, and, on May 27th, 1937, said *tort feasors* paid the sum of $12,000 in settlement thereof. Out of the $12,000 so paid, Harold Heller, pursuant to his agreement with the employe, deducted $4,000 as his "attorney's fee" and $200 as his "expenses of suit." Thus the net amount actually received by the employe was $7,800. The provisions of *R. S.* 34:15-40 were then in effect; they had been effective since June 22d, 1936. After the aforesaid settlement the employer ceased to make any further payments to the employe.

Thereupon, on June 10th, 1937, the employe filed a formal petition for compensation in the bureau against his employer. The latter in answer to question 39 of the petition:

"What other facts are there which you believe important? If you deny that compensation is payable in this case explain fully your reasons for said conclusions," answered that:

"Petitioner was injured by virtue of the negligence of a third party. On or about June 1st, 1937, the third party made a settlement with petitioner in the sum of $12,000. This settlement is far in excess of the benefits which the petitioner may hope to obtain under the provisions of the Workmen's Compensation law. In view of the provisions of chapter 162, laws of 1936, the respondent sees no necessity for a formal hearing and asks that the case be set for preliminary motion and argument before going into the merits of the case."

Hearings were, however, conducted in the bureau. It was there determined that the employe had suffered "a permanent disability for which [he was] entitled to receive compensation to be paid by respondent [employer] for a period of four hundred weeks at the compensation rate of $20 a week, amounting to $8,000." In addition thereto it was also determined that the employe was entitled to $760 for temporary disability and $1,430 for medical and hospital expenses, or a total of $10,190, and accordingly he was awarded that amount. The bureau determined that the $4,200 deducted by Harold Heller was reasonable and accordingly gave the employer a net credit for $7,800 which the employe actually received from the payment made by the third parties *tort feasors*. In

addition thereto the employer was given a further credit of $1,382 for the like sum which it had paid out to the employe on account of his temporary and permanent disability and his medical bills. The total credit thus given to the employer was $9,182; that credit deducted from the award of $10,190 left a balance of $1,008 and not $1,030. This slight error is due to the fact that in the bureau $1,360 and not $1,382 was in fact credited against the payments made to the employe. As to the balance the bureau ordered that at the expiration of three hundred and eighty-six and one-half weeks from January 13th, 1936, the employer pay the same to the employe in weekly payments of $20 until that sum is paid in full. The determination of facts and rule for judgment, as one instrument, was filed on August 20th, 1938.

In other words, the bureau reached its result upon the premise that *R. S.* 34:15-40 "does not change the substantial rights of the parties hereto and imparts no obligation of contract. It does not violate any federal or state constitutional provisions." See opinion in the bureau, 16 *N. J. Mis. R.* 462; 1 *Atl. Rep.* (*2d*) 752. On appeal to the Essex County Court of Common Pleas the judgment of the bureau was affirmed. See opinion, *sub nomine, Feinsod* v. *L. & F. Construction Co.,* 17 *N. J. Mis. R.* 65; 4 *Atl. Rep.* (*2d*) 692. To review the propriety of the judgment thus affirmed "and all things touching and concerning the same" we allowed a writ of *certiorari.*

1. Employer argues that since our Workmen's Compensation act "is essentially an elective and not a compulsory scheme of compensation" (*J. W. Ferguson Co.* v. *Seaman,* 119 *N. J. L.* 575 (at *p.* 577); 197 *Atl. Rep.* 245), and since "it stems from the mutual concord of the parties" (*Streng's Piece Dye Works, Inc.,* v. *Galasso,* 118 *N. J. L.* 257 (at *p.* 261); 191 *Atl. Rep.* 874), the provisions of the law of 1931, *supra,* in effect on the day its employe sustained the accident, became part and parcel of the contractual relationship between it and its employe; that, by virtue of such relationship, its liability for compensation to its employe was "extinguished and released" when the employe recovered a sum in excess of the gross award—namely—$12,000 from third parties *tort*

*feasors;* and that the employe had no right to deduct $4,200 for "attorney's fee" and "expenses of suit." *Deuchar* v. *Standard Accident Insurance Co.,* 117 *N. J. L.* 375; 189 *Atl. Rep.* 61. The fallacy of this argument, as we see it, is that the employer erroneously fixes the day on which the employe sustained the accident as determinative of the time when it allegedly acquired a contractual or vested right to receive the full credit of $12,000 without any deduction for "attorney's fee" and "expenses of suit." This is not the law. The rights of the respective parties under our Workmen's Compensation law, as consistently interpreted by our courts, are determined as of the date of the award and not as of the date of the accident. *McLaughlin* v. *Hahne,* 12 *N. J. Mis. R.* 6; 169 *Atl. Rep.* 542; *affirmed,* 113 *N. J. L.* 32; 172 *Atl. Rep.* 566; *Granata* v. *D. W. McGee Construction Co.,* 114 *N. J. L.* 89; 176 *Atl. Rep.* 104; *J. W. Ferguson Co.* v. *Seaman, supra; Klevinsky* v. *Lafferty,* 122 *N. J. L.* 130; 4 *Atl. Rep.* (*2d*) 385.

In the case at bar it will be observed additionally that both under paragraph 23 (f) of the act of 1931, *supra,* and subdivision (a) of *R. S.* 34:15-40 it is provided that "the obligation of the employer or his insurance carrier * * * to make compensation payments shall continue *until payment,* if any, by such third person or corporation is made." (Italics ours.) Here we again see that the employer's right to the claimed credit for the $12,000 comes into being only when payment is made to the employe by third parties *tort feasors.* Thus whether we take the date of the award in the bureau, August 20th, 1938, or the date of the affirmance of that award in the Pleas, March 6th, 1939, or the date of actual payment to the employe, May 27th, 1937, the act of 1936, *supra,* was in effect; it had been in effect since June 22d, 1936. Its provisions are, therefore, determinative of the respective rights of the parties unless it is unconstitutional.

This brings us to the pith of the issue involved in the first stated question requiring decision. Do the provisions of *R. S.* 34:15-40 infringe upon any contractual or vested right of the employer? Do the provisions trench either upon article 1, section X, paragraph 1 (impairing obligation of contracts),

or article XIV, section 1 (due process) of our Federal Constitution, or article IV, section VII, paragraph 3 (impairing obligation of contracts) of our State Constitution? We do not think so.

The employer's argument is that when the $12,000 payment by the third parties *tort feasors* was in fact reduced to $7,800 the net result was to increase its burden to the extent of $4,200. Be that as it may, it is settled that under the act of 1931, *supra,* the employe could not have institued an independent suit against the third parties *tort feasors.* *U. S. Casualty Co.* v. *Hyrne,* 117 *N. J. L.* 547; 189 *Atl. Rep.* 645. By *R. S.* 34:15-40 the employer unquestionably benefits to the extent of the recovery from said third parties *tort feasors,* less "attorney's fee" and "expenses of suit," here to substantial extent of $7,800. However otherwise characterized, *R. S.* 34:15-40 merely imposes upon the employer, to the extent therein provided, the payment of the employe's legal expenses.

In *Murphy* v. *George Brown & Co.,* 91 *N. J. L.* 412; 103 *Atl. Rep.* 28, the Supreme Court had before it a relatively analogous or comparable situation. Chapter 54, *Pamph. L.* 1916, *p.* 97, made the employer liable for the legal expenses incurred by the employe in enforcing his contractual rights. Mr. Justice Trenchard, speaking for the court (Swayze, Trenchard and Minturn, JJ.), answered the point made that the act impairs the obligation of contracts by saying, among other things (see *pp.* 415, 416) that the addition of a counsel fee to be recovered by a petitioner in a workmen's compensation case, under the circumstances, "introduces no change whatever in the substantive terms of the contract of employment but merely amplifies the remedy and procedure by which the contract is to be enforced."

In *Igoe Bros.* v. *National Surety Co.,* 112 *N. J. L.* 243; 169 *Atl. Rep.* 841, the Court of Errors and Appeals had before it chapter 142, *Pamph. L.* 1932, which permitted the award of a reasonable attorney's fee to the prevailing party to be taxed as costs. The point was made that since the act was passed after the National Surety Co. had assumed its obligation, it created an added obligation on its part and therefore

impaired its contractual obligation in the premises. The court held the point thus raised was without merit. It followed what it concluded to be the greater weight of authority which holds that statutes regulating fees and costs are remedial or procedural in nature only and therefore not unconstitutional as impairing the obligation of contracts.

And moreover we mark the fact that, in our opinion, there is nothing in principle which distinguishes the instant case from the holding in the typical case of *J. W. Ferguson Co.* v. *Seaman, supra.* In that case, as here, the same constitutional objections were raised; they were held to be without merit. Here, as in that case, we are entirely satisfied that the challenged act (*R. S.* 34:15-40) affects "no enlargement of the primary statutory liability; no new or additional burden is imposed." It does not affect the employer's liability towards his employe. It tends merely further to assure the employe his unquestionable right, under our Workmen's Compensation act, to compensation in full for the disability which he sustained. That is as it must be. *Cf. P. Bronstein & Co.* v. *Hoffman,* 117 *N. J. L.* 500; 189 *Atl. Rep.* 121. The applicable provisions of *R. S.* 34:15-40, under the proofs submitted, are not unconstitutional as impairing the obligation of contracts, nor are they unconstitutional, for the reasons already stated, as infringing upon the due process clause of the Fourteenth Amendment.

2. Did the lower tribunals erroneously apply the provisions of *R. S.* 34:15-40 to the facts in this case? We do not think so.

The employer insists that the provisions of *R. S.* 34:15-40 do not warrant the deduction of a $4,000 "attorney's fee" from the $12,000 paid by the *tort feasors.*

Section (e) of that statute provides as follows:

"As used in this section, 'expenses of suit' shall mean such expenses, but not in excess of two hundred dollars, and 'attorney's fee' shall mean such fee, but not in excess of thirty-three and one-third per cent. of that part of the sum paid in release or in judgment to the injured employe or his dependents by such third party or corporation to which the employer or his insurance carrier shall be entitled in reimbursement.

under the provisions of this section, but on all sums in excess thereof, this percentage shall not be binding."

As pointed out below the employer construes this section to mean that the "attorney's fee" shall never exceed an amount equal to one-third of the reimbursement. Thus it is argued that since the employer paid out $1,382 before the settlement, that the attorney's fee is limited to one-third thereof, or $460.66 2-3. If that were the test, under all circumstances, then the employer could either greatly curtail or altogether defeat the allowance of attorney's fee depending upon how much, if anything, it paid to the employe before the latter received anything from *tort feasors*. Clearly, the legislature did not intend such a result. On the contrary, we perceive in the act a legislative intent to give to an employer, on account of his liability towards his employe, credit only for the amount which the employe actually receives from a third party *tort feasor* less "attorney's fee" (here $4,000 which was held to be reasonable) and $200 for "expenses of suit." In addition thereto the employer may or may not, depending upon the circumstances, be entitled to reimbursement for moneys paid out to the employe prior to receipt of any moneys by the latter from a third party *tort feasor*. In the case at bar it was correctly held that the employer was not entitled to be reimbursed for the $1,382 which it had paid out, as aforesaid, to the employe.

Section (c) of the statute provides:

"If the sum recovered by the employe as aforesaid, after the expenses of suit and attorney's fee, or either of them, as hereinafter defined, have been deducted therefrom, is less than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be liable only for the difference and shall be entitled to be reimbursed, as hereinafter provided, for so much of the medical expenses incurred and compensation payments theretofore paid to the injured employe or his dependents as exceeds the amount of such difference."

The difference here between the amount of the award, $10,190, and ($12,000, less $4,200 attorney's fee and expenses of suit) $7,800, is $2,390. Since the employer is only entitled

to be reimbursed for such payments made to the employe "as exceeds the amount of such difference," and since, obviously, the amount paid out, $1,382 does not exceed the aforesaid difference of $2,390, the employer was not entitled to be reimbursed for the $1,382 which it had paid out. It was, however, entitled to a credit thereto on the amount of its liability towards its employe—that it received.

We find it unnecessary, under the proofs in this cause, to consider and determine whether the act creates a "mathematical impossibility" in a suppositious case where the compensation and medical payments by the employer should exceed the difference between the award and the net credit to the employer so that there would be a reimbursement therefor to the employer. Such consideration and determination must abide the proper presentation of the stated issue. It is not present in the case at bar.

We have considered all other points argued and find them to be without merit.

The writ is dismissed, with costs.