PASSAIC COUNTY COURT OF COMMON PLEAS.

SAM COVITZ, PETITIONER-APPELLEE, v. CARROLL BAKERY, RESPONDENT-APPELLANT.

Decided January 3, 1946.

For the petitioner-appellee, *Marcus & Levy.*

For the respondent-appellant, *Edward DeSevo.*

DELANEY, C. P. J.   This is a compensation case involving a hernia.   The petitioner seeks compensation under the Workmen's Compensation Act (*R. S.* 34:15–12, *subd.* x; *N. J. S. A.* 34:15–12, *subd.* x), which states that "inguinal hernia is a disease which ordinarily develops gradually, being very rarely the result of an accident."

Under the above statute only "real traumatic hernia resulting from the application of force directly to the abdominal wall, either puncturing or tearing the wall," is compensable;

or "unless conclusive proof is offered that the hernia was immediately caused by such sudden effort or severe strain that, first, the descent of the hernia immediately followed the cause; second, that there was severe pain in the hernial region; third, that there was such prostration that the employee was compelled to cease work immediately; fourth, that the above facts were of such severity that the same was noticed by the claimant and communicated to the employer within twenty-four hours after the occurrence of the hernia * * *; fifth, that there was such physical distress that the attendance of a licensed physician was required within twenty-four hours after the occurrence of the hernia." It is the second type under which this petitioner seeks compensation.

The petitioner-appellee, hereinafter called the petitioner, was employed in the bakery of respondent-appellant, hereinafter called the respondent, as a truck driver from 3 A. M. to 7:00 or 7:30 A. M., after which time he worked inside as a baker's helper. One of his duties as a baker's helper was each day to "get in" the flour, twelve to fourteen bags, each weighing 100 pounds, for the night man. Early in the afternoon of the day of the alleged accident, as the petitioner was lifting the last bag of flour off the floor, he felt pain in the left groin and was forced to drop the flour to the floor. He went to Mr. Rabinowitz, one of the owners of the respondent, in his employer's office, where he reported the accident to Mr. Rabinowitz, who advised him to see a doctor and called Dr. Bohl, but was unable to reach this physician, whose office hours were not until the evening.

According to the testimony of the petitioner, he examined himself in Mr. Rabinowitz's office and found on his left groin a lump the size of a "nickle or a prune" and showed it to Mr. Rabinowitz. Mr. Rabinowitz did not remember the incident, though he did not contradict it. The petitioner also testified that he lay down on a couch in Mr. Rabinowitz's office for two to two and a half hours. Mr. Rabinowitz did not remember whether or not the petitioner lay down in his office at any time, but said that he could have done so, for Mr. Rabinowitz is not at any one particular time very long in the office.

Mr. Rabinowitz, however, remembered the petitioner's reporting to him of the sudden pain on lifting a bag of flour and said that the petitioner looked and acted like a man in pain.

This is the testimony as to the severe pain, prostration, notice by claimant and communication to employer, and there is no testimony to contradict it.

There is conflicting evidence as to the date of the accident, but though the petitioner could not remember at the hearing the exact date, his testimony was that he went to Dr. Bohl's office the night of the accident, that the doctor examined him and told him he needed an operation or a truss. There is no contradiction that the petitioner consulted the doctor only once. The doctor testified that the petitioner told him the night he reported, which the doctor said was January 26th, that petitioner's left lower abdomen started to pain him on January 12th, that he went home, did not go to a doctor, and went to work the next day. Yet on cross-examination we have the following testimony from the doctor:

"*Q.* Now, you have, Doctor, here on your paid bill, Doctor, 'date of accident 1/12/44;' isn't that correct? *A.* That's right" (meaning that is what the bill reads, not that what it reads is correct).

"*Q.* And you have, Doctor, on this sheet, 'date of accident 1/12/44'? *A.* That's right."

The doctor, reading from his own record, further testified:

"*A.* 'When did you first treat the claimant? 1/12/44,' which I stated before."

It would seem that this testimony shows more than strange coincidence. That the doctor might have been in error on one of the dates we can understand, but that he was consistently in error on all of them we think most unlikely.

This court finds as a fact that the date of the accident was January 12th, and that the petitioner reported to the physician within twenty-four hours, as is required by the statute.

There is one other conflict in the testimony, and that is as to the immediate descent of the hernia. We have the consulting doctor's opinion that the hernia was one "not of recent origin" and "a hernia of long standing." As against

this we have the petitioner's claim that the sudden pain and descent occurred within a very short time and his story to the doctor the night he reported to him, as evidenced by this testimony:

"*Q*. And also in question sixteen [referring to the doctor's record] with respect to history or evidence, he [the petitioner] stated that he did not have the lump before and it did not hurt him. You did not mention that before, did you, Doctor? *A*. I wasn't asked the question."

Having accepted January 12th as the date of the accident and that the petitioner reported to the doctor that same night, we can only conclude that there was the immediate descent of the hernia following the cause, as is required by the statute.

To sift truth from confusing and conflicting testimony is always difficult, but we find that the proof here, though contradicted and controverted, is "convincing." In the words of Chief Justice Brogan in *DiMieri* v. *Metafield,* 126 *N. J. L.* 484; 20 *Atl. Rep.* (*2d*) 39, 41:

"The petitioner must prove that the hernia is the immediate result (*Cf. Borodaeff* v. *Province, &c.,* 109 *N. J. L.* 25; 160 *Atl. Rep.* 513; *affirmed,* 110 *N. J. L.* 20; 163 *Atl. Rep.* 892) of a sudden effort or strain and the proof of the five requirements must be such as will reasonably negative the inference or conclusion that it was congenital or of slow development or caused by disease rather than an untoward incident. Consequently it is unimportant whether the conclusive proof required by the statute is challenged or not— that it be contradicted or not—so long as it leaves the mind of the fact finder convinced that the hernia resulted not from disease or congenital weakness but immediately from sudden strain or effort in the course of the employment."

Once we accept the date of January 12th as the date of the accident, and January 12th as the date of the petitioner's visit to the consulting physician, there is no other conclusion but that the petitioner has established a compensable claim under the statute, *R. S.* 34:15–12, *subd.* x; *N. J. S. A.* 34:15–12, *subd.* x.

The judgment of the Workmen's Compensation Bureau is affirmed.