22 N.J. Super. 392 (1952)
92 A.2d 75
FRED LANGENOHL, PETITIONER-APPELLANT,
v.
SPEAREN, PRESTON & BURROWS, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 29, 1952.
Decided November 3, 1952.
*393 Before Judges FREUND, STANTON and CONLON.
Mr. Russell Fleming argued the cause for the appellant (Mr. St. Elmo Ferrara, attorney for petitioner-appellant).
Mr. James J. Skeffington argued the cause for the respondent.
*394 The opinion of the court was delivered by STANTON, J.S.C. (temporarily assigned).
This is an appeal from the dismissal of a petition for workmen's compensation. The petitioner-appellant, who will be referred to herein as the petitioner, alleged that he suffered a bilateral hernia as the result of an accident arising out of and in the course of his employment on December 5, 1950. The petition, filed on February 8, 1951, was dismissed by the Deputy Director in the Division of Workmen's Compensation at the conclusion of the petitioner's case. On appeal there was a dismissal in the County Court.
In the original Workmen's Compensation Act there was no specific reference to traumatic hernias, but compensation was recoverable if a hernia was the result of an accident arising out of and in the course of the employment. Chapter 93 of the Laws of 1919 amended paragraph 11 of the act, and in subparagraph (x) thereof provided in part:
"Where there is a real traumatic hernia resulting from the application of force directly to the abdominal wall, either puncturing or tearing the wall, compensation will be allowed. All other cases will be considered as either congenital or of slow development and not compensable, * * * unless conclusive proof is offered that the hernia was immediately caused by such sudden effort or severe strain that * * *."
Then follow the five requirements frequently referred to as the five points, namely, immediate descent, severe pain, prostration that compels immediate cessation of work, notice to the employer within 24 hours, and the requirement of medical attention within the same period. This provision became R.S. 34:15-12 (x). Chapter 74 of the Laws of 1945 changed the standard of proof from conclusive proof to preponderant proof of the five points. Chapter 175 of the Laws of 1950 amended R.S. 34:15-12, and subsection (x) thereof now reads as follows:
"x. Where there is a traumatic hernia compensation will be allowed if notice thereof is given by the claimant to the employer within *395 forty-eight hours after the occurrence of the hernia but any Sunday, Saturday or holiday shall be excluded from this forty-eight-hour period."
This act was approved June 2, 1950 and the effective date thereof was January 1, 1951.
The hernia for which the petitioner claimed compensation was not a real traumatic hernia as defined in the statute in effect on the date of the accident. The petition was dismissed for failure to establish the required five points. Upon the argument of the appeal, the following stipulation was entered into:
"It is stipulated that if Chapter 175 of the Laws of 1950, effective January 1, 1951, is the law of the case, then the petitioner has made out a prima facie case under sec. 34:15-12x as it now exists.
It is further stipulated that the petitioner's proof below did not make out a prima facie case under the required five points or under the real traumatic hernia section, resulting from the application of force directly to the abdominal wall."
It will be noted that the statute in effect on the date of the occurrence created a presumption or an inference that the hernia was not traumatic and therefore not compensable unless the presumption or inference was overcome by proof of the five points.
In the 1950 amendment, the effective date of which was January 1, 1951, there was no expression of limitation to accidents occurring after that date. This is in contrast with the 1945 amendment, which by its terms was effective immediately, but with the proviso that the amendments relating to R.S. 34:15-12 should apply to any accident or compensable occupational disease occurring on or after January 1, 1946. Because of this specific provision, it was held in Strauss v. Wright Aeronautical Corp., 135 N.J.L. 371 (Sup. Ct. 1947), affirmed 136 N.J.L. 483 (E. & A. 1948), that the claimant there, who alleged that he sustained what is commonly known as a five-point hernia on a date prior to January 1, 1946, was required to establish the same by conclusive rather than preponderant proof.
*396 It has been held frequently by our highest court that the compensation act, being remedial, is to be liberally construed. Sigley v. Marathon Razor Blade Co., 111 N.J.L. 25 (E. & A. 1933); Furferi v. Pennsylvania R.R. Co., 117 N.J.L. 508 (E. & A. 1937).
There are numerous reported cases dealing with five-point hernias and they all indicate that the statute in question relates merely to a matter of evidence and not the creation of a right of action. In Borodaeff v. Province Line Dairy, Inc., 109 N.J.L. 25 (Sup. Ct. 1932), Justice Trenchard said:
"The real purpose of the precautions laid down by the legislature in the section here involved is to protect the employer from claims for hernia not actually caused by the accident,"
indicating that the provision relates merely to the burden of proof.
It is generally held that there are no vested rights in rules of evidence, and provided that a party is not deprived of his right to present his side of the case, such rules may be modified or repealed even though the changes are made applicable to accrued or pending actions. The Legislature may establish the requisites of a prima facie case, enact rules of presumption as to the inferences to be drawn from certain states of fact, or shift the burden of proof from one party to the other. And such statutes are valid even though retrospective. 16 C.J.S., Constitutional Law, sec. 269.
It is our conclusion that the 1950 amendment is procedural in character, that it merely changes a rule of evidence, that it does not affect the substantive contractual rights of the parties, and that it is therefore applicable to a determination of the petitioner's claim. J.W. Ferguson Co. v. Seaman, 119 N.J.L. 575 (E. & A. 1938). It does not increase the primary statutory liability of the employer to pay compensation for an injury resulting from an accident arising out of and in the course of the employment. A hearing in the Workmen's Compensation Division is governed by *397 the practice and procedure in effect on the date of the hearing and not of the accident. Savitt v. L. & F. Construction Co., 123 N.J.L. 149 (Sup. Ct. 1939), affirmed 124 N.J.L. 173 (E. & A. 1940).
The judgment is reversed. The matter will be remanded to the Compensation Division for further proceedings not inconsistent herewith.