ANNA KLEVINSKY, ADMINISTRATRIX, ETC., PROSECU-TRIX, v. JOHN LAFFERTY ET AL., DEFENDANTS.

Submitted December 6, 1938—Decided February 20, 1939.

Before Justice DONGES, sitting alone, by consent.

For the prosecutrix, *Harry M. Mendell* and *Harry Grossman.*

For the defendants, *T. Harry Rowland.*

DONGES, J. This writ brings up a judgment of the Camden County Court of Common Pleas setting aside an award of compensation by the Workmen's Compensation Bureau.

Prosecutrix' deceased husband was injured while in the employ of defendant John Lafferty on November 8th, 1929. He filed a petition for compensation with the bureau on July 5th, 1930, and after contested hearing a formal award was made on March 21st, 1931. Under this award weekly payments of compensation were made for two hundred and fifty-one weeks, the last payment being made on August 27th, 1934. On December 3d, 1934, Klevinsky filed a petition for the review of the award on the ground of increased disability. This was discontinued and on June 12th, 1935, he filed another petition seeking the same relief. Motion was made to dismiss this petition and denied. The case came on for hearing and an additional award for increase of disability was made. As stated, the Common Pleas set this aside. Pending the proceedings in the court below Klevinsky died and his widow was substituted as a party and prosecutes this writ.

The question here presented concerns the right of Klevinsky to file a petition, at the time it was filed, for an increased allowance on the ground of increase of disability. It was settled in *Herbert* v. *Newark Hardware Co.,* 151 *Atl. Rep.* 502; *affirmed,* 107 *N. J. L.* 24, there could be no award for increased disability by the filing of a petition within one year after the last payment of compensation where the payments of compensation were made in pursuance of a formal award and judgment. The court said "no such procedure is contemplated by the statute."

Subsequent to that decision section 21 (f) of the act was amended (*Pamph. L.* 1931, *ch.* 279) to read as follows:

"An agreement for compensation may be modified at any time by a subsequnt agreement, or a formal award reviewed within two years from the date when the injured person last received a payment, upon the application of either party on the ground that the incapacity of the injured employe has subsequently increased, or reviewed at any time on the ground that the disability has diminished."

Is this amendment applicable to the case here presented? It will be observed that the accident occurred and the formal award was made before the amendment of the statute became effective on April 27th, 1931. It has been held that the amendment applies where the accident occurred before its passage but the award was made thereafter. *Ferguson* v. *Seaman,* 119 *N. J. L.* 575. The case of *Granata* v. *D. W. McGee Construction Co.,* 114 *Id.* 89, seems to me to be dispositive of the question. There the court first determined that the prior award which was sought to be increased was a formal award as opposed to an agreement and then said:

"The amendment of 1931, *supra,* providing, *inter alia,* that a formal award may be 'reviewed within two years from the date when the injured person last received a payment, * * * on the ground that the incapacity of the injured employe has subsequently increased,' is not applicable. The judgment here was entered before that statute came into being. Compare *McLaughlin* v. *Hahne & Co.,* 12 *N. J. Mis. R.* 6; *Rogers* v. *Pennsylvania Railroad Co.,* 81 *N. J. L.* 40."

In *J. W. Ferguson Co.* v. *Seaman, supra,* Mr. Justice Heher, speaking for the Court of Errors and Appeals, said: "This court, in *McLaughlin* v. *Hahne & Co.,* 12 *N. J. Mis. R.* 6; *affirmed,* 113 *N. J. L.* 32, ruled that the applicancy of the amendment of 1931, *supra,* is determined by the 'date of the award,' and not by the 'date of the accident' (see, also, *Granata* v. *D. W. McGee Construction Co.,* 114 *Id.* 89), * * *."

Prosecutrix contends that *J. W. Ferguson Co.* v. *Seaman, supra,* "nullifies the previous rulings" in the Granata case, but this is not so. The language quoted at length in prosecutrix' brief was used by the court in dealing with the contention that the 1931 amendment could not be effective in a case where the accident occurred before its passage. In fact, the award in that case was entered after the 1931 amendment. As indicated by the above quotation, the court reiterated the rule that the date of the award is the controlling feature.

The award here having been entered prior to the amendment, I conclude that under the authorities the 1931 act is unavailable to the prosecutrix, and that under the law as it

existed prior to that amendment there could be no review of a formal award on the ground of increase of disability by the filing of a petition within one year after the last payment of compensation under such award.

The writ must be dismissed, without costs.