THE STATE OF NEW JERSEY, EX REL. ALBERT L. CONK-LIN, RELATOR, v. STEPHEN Y. RONNIE, DEFENDANT.

Submitted May 7, 1940—Decided September 27, 1940.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the relator, *Joseph C. Paul.*

For the defendant, *Milton M. Unger.*

The opinion of the court was delivered by

PARKER, J.   The disposition of this case depends on the proper application of chapter 141 of *Pamph. L.* 1936 (page 332) to the present controversy, which is over the title to the office of Collector of Taxes of the Township of Maplewood in Essex county.

Prior to 1936 the term of office had been three years, and relator had occupied the office for several terms: he was elected in November, 1933, and again in November, 1936. His claim is, in substance, that by virtue of the statute of 1936 and of the election in November, 1936, after the passage of the act, he became entitled to a five years' term beginning January 1st, 1937.

But the difficulty about this, which we consider insuperable, is that the act of 1936 by express terms did not go into effect until December 1st, 1936, or about a month after the election, and a month before the new term began on January 1st, 1937: and that the act contains an express proviso that it "shall not apply to the term of any tax collector whose office (*sic*) may hereafter expire but whose successor has been elected." Now on December 1st, 1936, the term of relator was to expire in a month, and his "successor" had been elected. That he happened to be his own "successor" does not, in our judgment, exclude his case from the operation of this proviso.

The general rule, subject to certain exceptions not here applicable, is that a statute speaks as of the time when it goes into effect, and until that time arrives it has no force whatever for any purpose.   59 *C. J.* 1138, and cases cited. *Brasko* v. *Duchek,* 127 *N. J. Eq.* 567; 14 *Atl. Rep.* (2*d*) 477.

So, when relator was elected in November, 1936, he was elected for a three year term beginning January 1st, 1937, as his own successor.   And when the act of 1936 went into

effect on December 1st, "his own successor had been elected," and consequently the purview of the act, enlarging the term, did not apply; and it follows that a new election was properly held in 1939, at which election respondent Ronnie was the successful candidate.

This result makes it unnecessary to discuss the questions of estoppel, and of alleged unconstitutionality of the act of 1936 for inadequacy of title, raised by the defendant. It has twice been held constitutional, *McCarthy* v. *Roberson,* 123 *N. J. L.* 133; *Stevenson* v. *Bridgeton, Id.* 219; but in the table of statutes accompanying the Revised Statutes of 1937 is listed as "superseded."

For the reason above set forth, defendant is entitled to judgment.