CONSTANCE P. NICHOLS, PETITIONER-APPELLANT, v. BOARD OF EDUCATION OF THE CITY OF JERSEY CITY, HUDSON COUNTY, NEW JERSEY, DEFENDANT-RESPONDENT.

Argued March 17, 1952—Decided April 7, 1952.

*Mr. Kenneth C. Hand* argued the cause for the appellant (*Mr. Milton A. Feller*, attorney).

*Mr. Robert H. Doherty* argued the cause for the respondent.

The opinion of the court was delivered by

BURLING, J. This is an action in.lieu of prerogative writ. The appeal is brought under *Rule* 3 :81–8 to review a decision of the State Board of Education of the State of New Jersey whereby a decision of the Commissioner of Education denying rights under the tenure laws (more specifically detailed, *post*) to the petitioner-appellant, Constance P. Nichols (hereinafter called the petitioner), was affirmed. The appeal was addressed to the Superior Court, Appellate Division, but prior to hearing there certification was allowed on this court's own motion. The proceeding before the Commissioner had been instituted by the petitioner to test the validity of action taken by the defendant Board of Education of the City of Jersey City, Hudson County, New Jersey (hereinafter called the city board) upon abolishing petitioner's position as assistant superintendent of schools.

The facts, stipulated in this case, are: that petitioner was appointed as a teacher in the Jersey City school system on September 1, 1928; that she acquired tenure as a teacher in said system in September, 1931, and had tenure as a teacher when, by the city board's resolution of December 19, 1946, she was appointed assistant superintendent of schools, and on the date, January 1, 1947, when she entered employment in that capacity; that petitioner is a citizen of the United States of America and holds a state teacher's certificate; that petitioner was employed as assistant superintendent of schools from January 1, 1947, to December 15, 1949, during which time her state teacher's certificate was in full force and effect; that the city board on or about December 15, 1949, by resolution of that date, for reasons of economy, abolished the position of petitioner as assistant superintendent of schools; and that on or about December 15, 1949, petitioner was assigned to teaching at school No. 22. It appears that petitioner, under protest, accepted this classroom teaching assignment by letter of December 16, 1949. It also appears that by letter of the same date she protested the abolition of her position as an assistant superintendent of schools.

The petitioner on or about November 22, 1950, filed a petition with the Commissioner of Education of this State (hereinafter called the Commissioner) wherein and whereby she requested an order directing that she "be placed on a preferred eligible list in order of years of service for re-employment as assistant superintendent of schools whenever a vacancy shall occur in that position." The city board, by answer to the petition so addressed to the Commissioner asserted two separate defenses, namely that petitioner never acquired tenure as assistant superintendent of schools, and that there existed no statute making petitioner eligible for placement on a preferred list for re-employment whenever a vacancy should occur in the position of assistant superintendent of schools.

The Commissioner dismissed petitioner's petition on the ground that there existed no statute giving petitioner eligibility for placement on a preferred list for re-employment in the position of assistant superintendent of schools, in that her position was abolished for reasons of economy and not by reason of natural diminution of the number of pupils in the district. The Commissioner held that it was unnecessary to decide the question of tenure. On petitioner's appeal the State Board of Education affirmed for the reasons stated by the Commissioner. The State Board although presented with the tenure question likewise found its determination unnecessary. Petitioner, on October 8, 1951, noticed her appeal from this adverse decision of the State Board to the Superior Court, Appellate Division. Prior to hearing there certification of the appeal was allowed upon this court's own motion as hereinbefore stated.

There are three questions involved in this appeal. These may be stated as follows: (a) Did petitioner have tenure as an assistant superintendent of schools under *L.* 1938, *c.* 288, *sec.* 1, as amended by *L.* 1948, *c.* 470, *sec.* 2 (*N. J. S. A.* 18:13–16.1); (b) Does *R. S.* 18:13–19 afford re-employment protection to assistant superintendents of schools where the position is abolished by reason of economy and not by reason

of a natural diminution of pupils in the school district; and (c) Is *L.* 1951, *c.* 292, *sec.* 1, amending *R. S.* 18:13–19 (as amended by *L.* 1942, *c.* 269, *sec.* 1) retroactive in effect? Although the question of tenure as presented on this appeal may be resolved in petitioner's favor, we decide against her on the construction and application of *R. S.* 18:13–19 as amended by *L.* 1942, *c.* 269, *sec.* 1, *supra,* and as to the effect of *L.* 1951, *c.* 292, *sec.* 1, *supra.*

a. TENURE:

On the question of tenure the facts as detailed above are not in dispute and the conclusions to be drawn depend upon construction of the pertinent statutory provisions. On December 19, 1946, when she was appointed, and on January 1, 1947, when she became employed, as an assistant superintendent of schools, petitioner was qualified to hold the position under *R. S.* 18:6–41. There is no question involved on this appeal as to the construction or effect of *L.* 1947, *c.* 148, *sec.* 9 (effective May 12, 1947) amendatory of *R. S.* 18:6–41, *supra.* We pass on the question of tenure as presented, namely whether "tacking" of prior employment as a teacher is permitted in determining petitioner's tenure as an assistant superintendent. In doing so no consideration has been given to the effect, if any, of *L.* 1947, *c.* 148, *sec.* 9, *supra.*

Petitioner acquires tenure as an assistant superintendent under *L.* 1938, *c.* 288, *sec.* 1 (*N. J. S. A.* 18:13–16.1) as amended by *L.* 1948, *c.* 470, *sec.* 2 (effective October 29, 1948), which reads as follows:

"In all school districts superintendents and assistant superintendents of public schools shall during good behavior and efficiency, after the expiration of a period of employment of three calendar years, or after employment for three consecutive academic years together with employment at the beginning of the next succeeding academic year, have and enjoy tenure of service and shall not be removed therefrom except for cause, after hearing and upon due notice. *The time any superintendent or assistant superintendent has served in the district in which he or she is employed at the time this act becomes effective shall be counted in determining such period of employment.*" (Italics supplied.)

246

The tacking of consecutive periods of service in the school district for purpose of tenure as assistant superintendent of schools is clearly authorized by the above quoted statute. The Legislature did not confine service to employment *as a superintendent or assistant superintendent*. Compare *Noonan v. Board of Education of the City of Paterson,* 1938 *School Law Decisions* 331, 336 (*Comm'r. of Ed.* 1935), affirmed *Id.* 338 (*St. Bd. of Ed.* 1925); *MacNeal v. Board of Education of Ocean City,* 1938 *School Law Decisions* 374 (*Comm'r. of Ed.* 1926), affirmed *Id.* 377 (*St. Bd. of Ed.* 1927), affirmed *per curiam Id.* 377 (*Sup. Ct.* 1928).

b. PREFERRED ELIGIBILITY LIST UNDER *R. S.* 18:13–19 AS AMENDED BY *L.* 1942, *c.* 269, *sec.* 1:

The petitioner by these proceedings sought to have her name placed upon a preferred eligibility list for re-employment as an assistant superintendent of schools. It is apparent that she is not entitled to the relief she claims. The benefit she seeks is created by *R. S.* 18:13–19, as amended by *L.* 1942, *c.* 269. *sec.* 1. The pertinent portion of this statute reads:

"Nothing contained in sections 18:13–16 to 18:13–18 of this title shall be held to limit the right of any school board to reduce the number of *supervising principals, principals or* teachers employed in the school district *when the reduction is due to a natural diminution of the number of pupils in the district.* * * *" (Italics supplied.)

Following the quoted portion, the statute provides that persons having tenure in the designated positions shall be dismissed only in the order of seniority based upon their years in service (juniors being first affected) and those dismissed "shall be and remain upon" a preferred eligible list for re-employment in the order of their years of service.

■ There are two contentions upon which the city board relies in opposition to the petitioner's claims. The first of these is that by the terms of the statute petitioner's office was not protected. In 1942 assistant superintendents had no tenure status under the existing statutes and there was

therefore no logical reason to accord them preferred eligibility for re-employment under *R. S.* 18:13–19. Subsequently by *L.* 1948, *c.* 470, *sec.* 2 (amending *L.* 1938, *c.* 288, *sec.* 1; see *N. J. S. A.* 18:13–16.1) assistant superintendents were placed in tenure status. This change in policy resulted in the enactment of *L.* 1951, *c.* 292, *sec.* 1, the effect of which does not enure to the benefit of petitioner, as hereinafter discussed.

The second contention of the city board is to the effect that the statute, *R. S.* 18:13–19 as amended by *L.* 1942, *c.* 269, *sec.* 1, *supra,* does not apply where reduction of the number of officers named therein occurs as a result of economy rather than due to a natural diminution of the number of pupils in the district. This must likewise be resolved in favor of the city board. In the first place, the statute as it then read did not apply to instances where an office or position was abolished, but only to cases where the *number* of persons holding such office was reduced. In the record before us there is no indication that there was a mere *reduction* of the number of assistant superintendents. The matter has been presented here as well as before the administrative tribunals below on the premise that the office of assistant superintendent was abolished. Secondly, the statutory language refers only to reduction by reason of natural diminution of the number of pupils in the district, and not by reason of economy. Economy may well be construed as inclusive of the statutory reason (natural diminution of the number of pupils), but the converse is not acceptable. Economy may dictate a reduction of the number of principals, superintendents or teachers or the abolition of an office even where there is a natural *increase* in the number of pupils. The necessity may result from an improvement of teaching methods or administrative practices or from an increased cost of maintenance of the school system arising from causes other than natural diminution of pupils. Compare *Werlock v. Bd. of Education of Twp. of Woodbridge,* 5 *N. J. Super.* 140 (*App. Div.* 1949). These views are not

inconsistent with *Seidel v. Bd. of Education of Ventnor City,* 110 *N. J. L.* 31 (*Sup. Ct.* 1933). In that case it was held that where a board in absence of statute *reduced the number of teachers,* those qualified and having tenure should have been retained until those not qualified and not having tenure were released. In the matter before us the question of retention in the office of assistant superintendent was not raised by the petitioner and in addition the facts as presented indicate that the position was abolished.

٥. EFFECT OF *L.* 1951, *c.* 292, *sec.* 1 (amending *R. S.* 18:13–19, *supra*) :

The petitioner contends that *L.* 1951, *c.* 292, *sec.* 1, amending *R. S.* 18:13–19, *supra,* should be construed as merely a curative statute and therefore be accorded retroactive operation. Such a construction is not permissible here.

■■ Words in a statute ought not to have a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them. *Kopczynski v. County of Camden,* 2 *N. J.* 419, 424 (1949). In the foregoing construction of *R. S.* 18:13–19 as amended by *L.* 1942, *c.* 269, *sec.* 1, the reason for the omission of the office of assistant superintendent from the statutory provision has been demonstrated. In addition, the 1951 enactment provides tenure security where an office is abolished, as well as where the number of those persons holding an office of the designated category is reduced; it adds to the existing reason for reduction (and now abolition of office) namely natural diminution of pupils, the additional reasons of "economy, a change in the administrative or supervisory organization of the district, or other good cause." These differences between the prior provision and the 1951 act are so great as to indicate not clarification of the existing statute, but an entirely new legislative scheme, one of far greater scope. The language of the 1951 amendment is clear and unambiguous and makes no provision for retrospective operation.

■ In passing it is noted that the petitioner invokes the legislative "statement of purpose" accompanying the 1951 amendment. The statement of purpose itself contains no clear, strong and imperative language indicative of an intent to make the legislation retroactive, and it is in any event not available as an index of legislative intent. *Hoffman v. Hock,* 8 *N. J.* 397, 407, 408 (1952).

For the reasons stated, the decision of the State Board of Education is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPIIANT, WACHENFELD and BURLING—5.

*For reversal*—None.