25 N.J. Super. 183 (1953)
95 A.2d 632
DOMINICK GIANFORTE, PETITIONER-APPELLEE,
v.
CRUCIBLE STEEL CO. OF AMERICA, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Hudson County Court Law Division.
Decided March 11, 1953.
*184 Messrs. Roskein & Laird (Mr. John A. Laird appearing), attorneys for the petitioner-appellee.
Messrs. Cox & Walburg (Mr. Arthur F. Mead appearing), attorney for the respondent-appellant.
DUFFY, J.C.C.
This is an appeal by respondent from an adverse judgment in the Workmen's Compensation Division. The matter is before me on such appeal under an agreed stipulation of facts consented to by the respective parties through their attorneys.
The pertinent portions of the stipulation follow:
1. It was heretofore adjudicated that petitioner met with an accident arising out of and in the course of his employment on or about August 11, 1942, and that an award in his favor for 100% total permanent disability was entered under date of February 29, 1944.
2. Respondent complied with the terms of said order by the payment of compensation until said payments terminated at the expiration of said order, on September 4, 1951.
*185 3. On September 6, 1951, petitioner was certified by the New Jersey Rehabilitation Commission in accordance with section 12-B of the Workmen's Compensation Act.
4. Petitioner is now employed at wages in excess of those earned by him at the time of his compensable accident, at which time he was earning $43 per week but is now earning approximately $63.45 per week.
5. Petitioner contends that he is entitled to payments from the respondent at the rate of $5.00 per week from September 4, 1951 to date, and to continue, while respondent contends that it has no obligation to make further payment to the petitioner of any sum whatsoever, and that its obligation to the petitioner has been completely discharged.
6. The parties agree that the Division of Workmen's Compensation may determine the respective rights and liabilities of the parties in accordance with and upon the basis of the foregoing stipulation of facts.
The statute (R.S. 34:15-12b) in effect at the time of the formal adjudication of his original claim (February 29, 1944) is quoted below. I have inserted parenthetically changes that were made in the paragraph under L. 1945, c. 74 (effective January 1, 1946), and underscored a phrase that was deleted in the 1945 amendment. The sentences comprising paragraph (b) have been numbered "No. 1 through No. 5" in the left-hand margin for the purpose of ready reference. The section was also amended in 1950 and 1951 but no change was made in paragraph (b) except for a maximum weekly compensation increase to $30 in 1951.
 "b. For disability total in character and permanent in
 quality, 66 2/3 per cent of the wages received at the
 #1 time of injury, subject to a maximum compensation of 20
 (25) dollars per week and a minimum of 10 dollars per
 week, if at the time of injury the employee received
 wages of less than 10 dollars per week then he shall
 receive the full amount of wages per week. This
 compensation shall be paid for a period of 400 (450)
 weeks, at which time compensation payments shall cease
 unless the employee shall have submitted to such physical
 #2 or education rehabilitation as may have been ordered by
 the rehabilitation commission, and can show that because
 of such disability it is impossible for him to obtain
 wages or earnings equal to those earned at the time of
 the accident, in which case further weekly payments shall
 be made during the period of such disability, the amount
 thereof to be the
*186
 previous weekly compensation payment diminished by that
 portion thereof that the wage, or earnings, he is then
 able to earn bears to the wages received at the time of
 the accident. (If his wages or earnings equal or exceed
 #3 wages received at the time of the accident, then his
 compensation rate shall be reduced to five dollars). In
 #4 calculating compensation for this extension beyond 400
 (450) weeks the minimum provision of 10 dollars shall not
 apply. This extension of compensation payments beyond 400
 (450) weeks shall be subject to such periodic
 #5 reconsiderations and extensions as the case may require,
 and shall apply only to disability total in character and
 permanent in quality, and shall not apply to any accident
 occurring prior to July fourth, one thousand nine hundred
 and twenty-three."
The deputy director construed the last sentence (No. 5) of the quoted statute as applying to all compensable accidents within its terms occurring after July 4, 1923. He therefore directed that respondent pay compensation to petitioner at the rate of $5 per week from September 6, 1951 and onward, subject to further order of the Division.
Respondent presses this appeal on two main grounds; (1) that the ruling of the deputy director improperly applies a retroactive effect to the 1945 amendment in respect to the $5 weekly award, and (2) that it is violative of its constitutional rights as an impairment of the obligation of contract.
Petitioner argues that the amendment directing the $5 payment constitutes a procedural change, being a change only in the rule for the calculation of continued compensation payments. He further contends that since the amendment was adopted while he was still receiving payments pursuant to the formal finding of his total permanent disability, the amendment inures to his benefit.
It should be noted that petitioner is now earning $63.45 weekly wages despite his total and permanent disability, whereas he earned only $43 per week at the time he sustained his compensable accident.
Preliminarily, let us note that the rights of the respective parties in a workmen's compensation case, as consistently interpreted by our courts, are determined as of the *187 date of the award, Savitt v. L. & F. Construction Co., 123 N.J.L. 149 (Sup. Ct. 1939); McLaughlin v. Hahne, 12 N.J. Misc. 6 (Sup. Ct. 1933) affirmed 113 N.J.L. 32 (E. & A. 1934). They have also recognized and approved retrospective legislation where it affects only a procedural change, J.W. Ferguson Co. v. Seaman, 119 N.J.L. 575 (E. & A. 1938); including a change in a rule of evidence, Langenohl v. Spearen, Preston & Burrows, 22 N.J. Super. 392 (App. Div. 1952). However, such an interpretation is not applied to laws affecting a substantive right, Williams v. Brokaw, 74 N.J. Eq. 561 (Ch. 1908); Frelinghuysen v. Town of Morristown, 77 N.J.L. 493 (E. & A. 1908).
In Savitt v. L. & F. Construction Co., 123 N.J.L. 149 (Sup. Ct. 1939), a change, by way of amendment, was made in that section of the Workmen's Compensation Act covering the liability of third-party tort feasors. The court held the amendment to be a procedural change and stated (page 156):
"And moreover we mark the fact that, in our opinion, there is nothing in principle which distinguishes the instant case from the holding in the typical case of J.W. Ferguson v. Seaman, supra. In that case, as here, the same constitutional objections were raised; they were held to be without merit. Here, as in that case, we are entirely satisfied that the challenged act (R.S. 34:15-40) affects `no enlargement of the primary statutory liability; no new or additional burden is imposed.' It does not affect the employer's liability towards his employee. It tends merely further to assure the employee * * * under our workmen's compensation act, to compensation in full for the disability * * * he sustained."
Applying the above test to the case sub judice it would appear that the 1945 amendment imposes an enlargement of the primary statutory liability and casts a new and additional burden upon the employer. Analyzing the parties' positions, under the statute in effect at the formal adjudication of his claim (February 29, 1944), we find petitioner directed to submit himself to the Rehabilitation Commission before he could qualify for additional reparative payments beyond the 400 weeks. In the event he so qualified, petitioner was then entitled to payments "the amount thereof to be the previous weekly compensation payment diminished *188 by that portion thereof that the wage, or earnings, he is then able to earn, bears to the wages received at the time of the accident." The responsibilities of the parties were thus clearly defined, as were their respective rights. If petitioner's earnings were limited or negative, respondent paid the difference described above. If the wages exceeded those earned at the time of the accident respondent paid nothing.
However, under the 1945 amendment, the respondent must pay $5 a week, even though petitioner's wages equal or exceed those earned at the time of the accident. Such a requirement surely imposes a new and additional burden upon the employer.
The general rule has been stated in 1 Sutherland Statutory Construction (3d ed.), p. 434, par. 1936:
"In accordance with the rule applicable to original acts, it is presumed that provisions added by the amendment affecting substantive rights are intended to operate prospectively."
This rule has been applied by our courts many times. Recently it was stated,
"Words in a statute ought not to have a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them." Nichols v. Board of Education, 9 N.J. 241 (1952).
There is also the general rule that a statute speaks as of the time it goes into effect. Conklin v. Ronnie, 125 N.J.L. 208 (Sup. Ct. 1940).
Petitioner contends that he is eligible for the benefits conferred by the 1945 amendment because it was adopted while he was still receiving compensation payments under the formal award. I think the decision in Klevinsky v. Lafferty, 122 N.J.L. 130 (Sup. Ct. 1939), is controlling. There, petitioner had received an award on March 21, 1931. That same year an amendment was adopted extending the period to two years from the date of last payment within which to make claim for increased disability. The amendment was effective April 27, 1931. The last compensation payment *189 under the original award was made on August 27, 1934. Petition for increased disability was filed on June 12, 1935. The petition was dismissed. The court held that the amendment did not accrue to his benefit because the date of the award and not the date of the last payment was controlling.
Petitioner urges a construction of the 1945 amendment which would confer upon him one of the benefits created or enlarged therein. Specifically, he claims to be a legal beneficiary of sentence No. 3 of the 1945 amendment, supra, which grants a weekly award of $5 in cases where the totally and permanently disabled employee's wages equal or exceed those received at the time of the accident. He relies upon the last sentence (No. 5) of paragraph (b), supra, which is now requoted, to wit:
"This extension of compensation payments beyond 400 (450) weeks shall be subject to such periodic reconsiderations and extensions as the case may require, and shall apply only to disability total in character and permanent in quality, and shall not apply to any accident occurring prior to July fourth, one thousand nine hundred and twenty-three."
Thus, he contends that the reference to all compensable accidents occurring after July 4, 1923 applies to him (whose accident occurred on August 11, 1942, and whose award of total and permanent disability was found on February 29, 1944).
The stipulation on which this appeal is submitted does not say so, but I think it is reasonable to assume that the award to petitioner was for 400 weeks at $20 per week. If this assumption is correct, it might seem natural to inquire why the petitioner did not seek the benefit of the other beneficent sections of paragraph (b) of the 1945 amendment. The maximum weekly payment was increased from $20 to $25, and the period of payment was extended from 400 to 450 weeks.
In any event, let us return to the question posed by this appeal.
If we employ what seems to me to be a fair and legal construction of the 1945 amendment, the reference to accidents *190 occurring prior to July 4, 1923 in the last sentence (No. 5) thereof, applies only, if at all, to the "extension of compensation payments beyond 450 weeks," and certainly not to the newly created benefit of five dollars weekly enunciated in the earlier (No. 3) sentence of the paragraph.
Moreover, I am of the opinion that no part of paragraph (b) is retroactive to July 4, 1923 merely because that date has been carried into the 1945 amendment. The history of the section shows that under L. 1913, c. 174, compensation for total and permanent disability was directed to be paid for 400 weeks. Under L. 1919, c. 74, the State Commission for Rehabilitation of Physically Handicapped Persons was created by the Legislature. (R.S. 34:16-1)
Pursuant to an amendment to the section under review, adopted by the Legislature in 1923, and for the first time, persons totally and permanently disabled in a compensable accident became eligible for additional compensation payments beyond 400 weeks. However, their eligibility was conditioned upon their submission to the Rehabilitation Commission for such physical and educational rehabilitation as might be directed. If found eligible by the Commission the injured workman was then entitled to "the previous weekly compensation payment diminished by that portion thereof that the wage, or earnings, he is then able to earn, bears to the wage received at the time of the accident." The amendment was approved on March 12, 1923, to be effective on July 4, 1923. The 1923 amendment further provided that
"This extension of compensation payments beyond 400 weeks shall be subject to such periodic reconsiderations and extensions as the case may require, and shall apply only to disability total in character and permanent in quality, and shall not apply to any accident occurring prior to July 4, 1923."
The section was amended in 1931, 1942, 1945, 1950 and 1951 but the only changes in paragraph (b) were contained in the 1945 and 1951 amendments. As an examination of the 1945 amendment will disclose, the only change in the last sentence (No. 5) of the paragraph is the figure "450" *191 weeks instead of "400" weeks. The phrase, "and shall not apply to any accident occurring prior to July fourth, one thousand nine hundred and twenty-three," was inserted in the 1923 amendment, and has been incorporated in each succeeding amendment down to and including that of 1951.
It is a cardinal rule of statutory construction that full force and effect must be given, if possible, to every word, clause and sentence of a statute. Bogert v. Hackensack Water Co., 101 N.J.L. 518 (E. & A. 1925); Oldfield v. New Jersey Realty Co., 1 N.J. 63 (1948). It has also been stated that "In the administration of the act regard must also be had to the substantive rights of employers and the general public." Zuga v. Ford Motor Co., 16 N.J. Misc. 76, 80 (C.P. 1938).
The 1923 amendment, which for the first time granted extended payments to totally and permanently injured compensable workers provided they had submitted themselves to the Rehabilitation Commission, was made effective on July 4, 1923. Obviously there were many qualified injured workers who had sustained their total permanent disability prior to July 4, 1923. Presumably, many such people are still alive today. It is my opinion that the date was incorporated in paragraph (b) to preclude such injured workers from the benefits of the extended payments and that the date has been continued in the statute until the present time for the same purpose.
I conclude that the 1945 amendment (paragraph (b)) is not retroactive and that the benefit of the $5 minimum payment created in sentence No. 3 of paragraph (b) thereof applies only to awards made after the effective date (January 1, 1946).
I will sign an appropriate judgment of dismissal of the claim petition.