922 A.2d 770 (2007)
393 N.J. Super. 34
Luz M. CRUZ, Petitioner-Appellant,
v.
CENTRAL JERSEY LANDSCAPING, INC., Respondent-Respondent.
Valentyna Hohl, Petitioner-Appellant,
v.
Insulated Duct & Cable Co., Respondent-Respondent.
Audrey Bush, Petitioner-Respondent,
v.
Kauffman & Minteer, Inc., Respondent-Appellant.
Ruth A. Herzer, Petitioner-Respondent/Cross-Appellant,
v.
Classical Cars Nissan, Inc., Respondent-Appellant/Cross-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued November 14, 2006.
Decided May 14, 2007.
*772 Vicki W. Beyer, Lawrenceville, argued the cause for appellant Luz M. Cruz (Stark & Stark, attorneys; Ms. Beyer, on the brief).
Andrew A. Valeriani, Jr., Edison, argued the cause for appellant Valentyna Hohl.
Francis T. Giuliano, Ramsey, argued the cause for appellants Kauffman & Minteer, Inc. and Classical Cars Nissan, Inc./respondents Central Jersey Landscaping, Inc. and Insulated Duct & Cable Co.
George T. Kotch argued the cause for respondents Audrey Bush and Ruth A. Herzer.
Before Judges SKILLMAN, HOLSTON, JR. and GRALL.
The opinion of the court was delivered by
GRALL, J.A.D.
We consolidate four appeals that raise a common question under the Workers' Compensation Act, N.J.S.A. 34:15-1 to -142 (the Act). On January 14, 2004, an amendment revising the formula for calculating death benefits payable to the dependents of an eligible, deceased worker was approved to "take effect immediately." L. 2003, c. 253, §§ 1, 4. The question is whether the revised formula should be applied to determine the amount of the benefit on a claim that arose prior to the effective date. The two judges of compensation that decided these four cases answered that question differently. We conclude that the revised formula should be applied in pending cases to calculate death benefits for dates on and after the effective date of the amendment, January 14, 2004.
Under the Act in effect at the time of the four deaths that give rise to these claims, the benefit was based on a percentage of the decedent's wages that varied with the number of the decedent's dependents, N.J.S.A. 34:15-13a-e. The range was: fifty percent of wages for one dependent, N.J.S.A. 34:15-13a; fifty-five percent of wages for two dependents, N.J.S.A. 34:15-13b; sixty percent of wages for three dependents, N.J.S.A. 34:15-13c; sixty-five percent of wages for four dependents, *773 N.J.S.A. 34:15-13d, and seventy percent of wages for five or more dependents, N.J.S.A. 34:15-13e.
Under the revised formula, adopted effective January 14, 2004, subsection a of N.J.S.A. 34:15-13 was amended to provide a benefit based on seventy percent of wages "[f]or one or more dependents." L. 2003, c. 253, § 1. The subsections of N.J.S.A. 34:15-13 addressing benefits for two, three, four and five or more dependents were left in place but amended to read "(Deleted by amendment, P.L. 2003, c. 253)." N.J.S.A. 34:15-13b-e (as amended by L. 2003, c. 253, § 1).
There is no dispute that each of the four petitioners is eligible for death benefits. Accordingly, we state only the facts pertinent to the issue presented.
Petitioner Audrey Bush's husband died on February 1, 2002. She filed her claim for death benefits on May 16, 2002. On December 22, 2004, the judge of compensation awarded Bush a benefit equivalent to fifty percent of her husband's wages from the date of his death to January 13, 2004 and seventy percent of his wages from January 14, 2004 forward. The decedent's former employer, Kauffman & Minteer, Inc., appeals.
Petitioner Ruth A. Herzer's husband died on March 26, 2003. The judge of compensation approved a settlement of that claim on January 8, 2004. On September 10, 2004, Herzer moved to amend the judgment to reflect benefits calculated at the rate of seventy percent of wages. The judge, who also decided Bush's claim, ruled that Herzer was entitled to a benefit equivalent to seventy percent of her deceased husband's wages from January 14, 2004 forward. Her husband's former employer, Classic Cars Nissan, Inc., appeals. Herzer cross-appeals contending that the attorney fee awarded was inadequate.
Petitioner Luz M. Cruz's husband, the father of her three children, was injured and died on March 19, 2002. She filed her claim on April 10, 2002, and Central Jersey Landscaping, Inc., his former employer, voluntarily commenced paying benefits at a rate of sixty-five percent of wages. On February 28, 2005, a second judge of compensation concluded that Cruz was not entitled to a benefit of seventy percent for any period because her husband died prior to the effective date of the amendment. She appeals from that order.
Petitioner Valentyna Hohl's husband died on July 9, 2003, and his former employer, Insulated Duct & Cable Co., commenced paying death benefits to his widow based on fifty percent of his wages. On May 18, 2004, Hohl filed a claim seeking benefits based on seventy percent of her deceased husband's wages in accordance with the amended formula. On February 28, 2005, the judge, who also decided petitioner Cruz's claim, denied Hohl's petition. She appeals.
In each of these four cases, the petitioner was entitled to a death benefit based on less than seventy percent of her husband's wages under the formula in effect on the date he died. Each petitioner contends that she is entitled to a benefit based on seventy percent of her husband's wages from January 14, 2004 and thereafter. None of the petitioners seek benefits payable at the revised rate for dates prior to January 14, 2004. All four employers contend that the benefit rate must be set at the rate in effect on the date of the former employee's death.
In determining whether to apply an amendment to claims that arose prior to the amendment's adoption, our courts apply the two-part test articulated by the Supreme Court in Twiss v. State, Department of Treasury, 124 N.J. 461, 467, 591 A.2d 913 (1991). See Bunk v. Port Auth. *774 of New York and New Jersey, 144 N.J. 176, 193, 676 A.2d 118 (1996). The first question is whether the Legislature intended to give the amendment retroactive application. Twiss, supra, 124 N.J. at 467, 591 A.2d 913. "[T]he second question is whether retroactive application is an unconstitutional interference with `vested rights' or will result in a `manifest injustice.'" Ibid.
This amendatory act does not expressly address the issue of retroactivity. As noted above, the act simply provides that it "shall take effect immediately." L. 2003, c. 253, § 4. Our courts have held that the phrase "shall take effect immediately" gives "no clear indication" of the Legislature's intention with respect to claims arising prior to its effective date. Bunk, supra, 144 N.J. at 194, 676 A.2d 118; see Harris v. Branin Transport, Inc., 312 N.J.Super. 38, 44, 711 A.2d 331 (App.Div.), certif. denied, 156 N.J. 408, 719 A.2d 640 (1998); Street v. Universal Maritime, 300 N.J.Super. 578, 581, 693 A.2d 535 (App.Div.1997).
"When the Legislature does not clearly express its intent to give a statute prospective application, a court must determine whether [the Legislature intended] to apply the statute retroactively." Twiss, supra, 124 N.J. at 467, 591 A.2d 913. As noted above, this amendatory act does not express the Legislature's intent to permit only prospective application. Moreover, "two indicia of such an intent, a postponed effective date and a failure to repeal prior law, are absent [here]." Id. at 468, 591 A.2d 913 (citation omitted). The amendatory act took effect immediately, L. 2003, c. 253, § 4, and although it did not explicitly repeal the formula it replaced, it "deleted" the subsections of N.J.S.A. 34:15-13 that provided the various formulas applicable under prior law, N.J.S.A. 34:15-13a-e (as amended by L. 2003, c. 253, § 1). Cf. Twiss, supra, 124 N.J. at 468, 591 A.2d 913 (discussing express repeal); L. 2003, c. 253, § 3 (repealing a notice of claim provision applicable to occupational diseases).
While our courts generally "favor prospective application of statutes," that general rule of statutory construction is not applied when the Legislature has implied a contrary intention. Twiss, supra, 124 N.J. at 466-67, 591 A.2d 913. Where not express, that intention has been inferred from legislative history and when it is the "most sensible interpretation" given the purpose of the amendment and the law it revises. See, e.g., id. at 467, 591 A.2d 913; Gibbons v. Gibbons, 86 N.J. 515, 522-25, 432 A.2d 80 (1981); Panzino v. Cont'l Can Co., 71 N.J. 298, 302-04, 364 A.2d 1043 (1976); Harris, supra, 312 N.J.Super. at 44-47, 711 A.2d 331; cf. 5 Larson's Workers' Compensation Law § 93.05 (2006) (stating that "the general rule is that benefit increases . . . are not retroactive, and that the benefit level in effect at the time of . . . death controls"; noting that courts of Alaska construe Alaska's workers' compensation law liberally and on that basis apply the law in effect at the time of decision; North Dakota courts apply the law at the time of decision as required by state statutes, and California and Massachusetts courts apply the law at the time of decision in cases in which the employer has not paid benefits voluntarily).
In this case, the legislative history suggests that the Legislature intended to extend the enhanced benefit to the dependents of eligible workers who died before the effective date of the amendment. The bills that became L. 2003, c. 253 were referred to and considered by the Labor Committees of the Senate and Assembly. They were S. 1522, introduced and referred to the Senate Labor Committee on May 16, 2002, and A. 1927, introduced and referred to the Assembly Labor Committee *775 on February 21, 2002.[1] Pending before the same legislative committees were bills proposing a death benefit based on one-hundred percent of wages regardless of the number of dependents. Those bills were A. 1835, which was introduced on February 21, 2002, and S. 1416, which was introduced on March 26, 2002. Unlike S. 1522 and A. 1927, the competing bills explicitly limited the enhanced benefit to "claims accruing on after the effective date." Although Assemblyman Cohen was the primary sponsor of A. 1835, he became a primary sponsor of A. 1927 and of S. 1522, which was substituted for A. 1927, despite the fact that those bills did not limit the enhanced benefit to claims based on deaths occurring on or after the effective date. See Panzino, supra, 71 N.J. at 302, 364 A.2d 1043 (noting that it is reasonable to infer that the sponsors of legislation are familiar with the content and ramification of the bills and relied upon by their colleagues).
While the foregoing history does not provide unambiguous support for the conclusion that the Legislature intended courts to give the amendment retroactive effect, there is additional support in the legislative history. The issue was brought to the attention of the members of the Senate Labor Committee during a public hearing on S. 1522 held on December 9, 2002. The widow of a worker who had died as a consequence of occupational disease spoke in support of the seventy-percent formula.[2] Her petition for death benefits was pending on the date of that hearing, and she discussed the importance of the seventy-percent benefit to her. Jeffrey Newby, Esq. also appeared at the hearing and testified on behalf of the New Jersey Bar Association.[3] He alerted the members of the committee to the ambiguity of section four of the bill, which provided that "This act shall take effect immediately." Newby urged the members to clarify the provision and limit the revised formula to claims for benefits based on deaths occurring after the effective date. Despite his testimony and additional meetings scheduled to consider revisions, the bill was released and enacted without pertinent amendment. The fair inference is that the Legislature did not intend to limit the seventy-percent formula to dependents of workers who died after the effective date.
There is additional reason to infer that the Legislature intended judges of compensation to apply the revised formula regardless of the date of death giving rise to the claim. The Legislature is presumed to be familiar with judicial interpretations of its enactments and to act with an understanding of those precedents. See Chase Manhattan Bank v. Josephson, 135 N.J. 209, 227, 638 A.2d 1301 (1994). In prior cases, where the Legislature has limited the reach of an amendment enhancing benefits to injuries or deaths occurring after the effective date of the amendment, our courts have applied the law as directed. See Calabro v. Campbell Soup Co., 244 N.J.Super. 149, 165-66, 581 A.2d 1318 (App.Div.1990), aff'd o.b., 126 N.J. 278, 597 A.2d 83 (1991); Atamanik v. Real Estate Mgmt., 21 N.J.Super. 357, 366, 91 A.2d 268 (App.Div.1952). Conversely, absent an express indication of intention to permit *776 only prospective application and where supported by the legislative history and the remedial purpose of the Act, our courts have given retroactive effect to amendments that take effect immediately and advance the beneficent purpose of the Act. See Harris, supra, 312 N.J.Super. at 46-47, 711 A.2d 331; Jenkins v. Johns-Manville Prod. Corp., 240 N.J.Super. 549, 563-64, 573 A.2d 963 (App.Div.1990). Based upon express limitation on retroactive application of certain amendments to the Act, we have inferred that the Legislature intended to avoid the limitation on retroactivity by omitting that restriction from subsequent amendatory acts. McAllister v. Bd. or Educ., Town of Kearny, 79 N.J.Super. 249, 256, 191 A.2d 212 (App. Div.1963), aff'd, 42 N.J. 56, 198 A.2d 765 (1964).
In 1998, this court considered the question of retroactive application of a prior amendment to N.J.S.A. 34:15-13 that also effectively enhanced benefits for dependents of deceased workers. Harris, supra, 312 N.J.Super. at 41-43, 711 A.2d 331. We concluded that the amendment should be applied retroactively.
Because the amendment at issue in Harris and the amendment at issue in this case are similar in effect and involve the same statute, Harris is instructive. The petitioner in Harris, a widow, was awarded dependency benefits on February 16, 1979. Id. at 41, 711 A.2d 331. At that time, pursuant to N.J.S.A. 34:15-13j, her benefit of $128 per week, exclusive of the additional benefits for her children, was subject to an offset for her earnings after the first 450 weeks based on her earnings. Id. at 42-43, 711 A.2d 331. Because of her earnings, Harris received no benefits after April 5, 1994. Id. at 42, 711 A.2d 331. An act amending N.J.S.A. 34:15-13 to eliminate the offset for earnings was adopted on July 25, 1995, to "take effect immediately." Id. at 43-44, 711 A.2d 331.
The court looked to the legislative history. The committee that released the bill heard testimony from widows aggrieved by N.J.S.A. 34:15-13j. Id. at 44-45, 711 A.2d 331. In addition, the members had a fiscal note that estimated the cost of the amendment with reference to the persons currently receiving benefits, including the cost of paying additional supplemental benefits to dependents whose spouses died before 1980. Id. at 42-46, 711 A.2d 331.
The court held that although there was no "unequivocal expression of legislative intent" to apply the law to dependents of workers who died prior to the effective date, that result was consistent with the remedial purpose of the Act and the Legislature's likely intention to benefit the dependents who testified in support of the amendment. Id. at 46-47, 711 A.2d 331. On that ground, the court concluded that the Legislature intended retroactive application.
The Supreme Court's decision in Panzino provides further support for the conclusion that the Legislature intended application of the amended formula to calculation of death benefits in pending cases. 71 N.J. at 300-04, 364 A.2d 1043. In Panzino the Court considered a claim for occupational hearing loss filed six years after the petitioner retired. Id. at 300, 364 A.2d 1043. On the date the claim was filed, it was statutorily time-barred. Ibid. Prior to a hearing on the petitioner's claim, however, the statute was amended to "abrogate[ ] the time limitation." Id. at 300-01, 364 A.2d 1043. Like the amendments at issue here and in Harris, the amendatory act in Panzino took effect on the date it was approved. Id. at 301, 364 A.2d 1043.
The Supreme Court considered the legislative history to determine whether the Legislature intended retroactive application. *777 The sponsor of the amendatory legislation prepared a statement explaining that the bill was intended to avoid the harsh results that arose under the current law. Id. at 302, 364 A.2d 1043. Although the statement did not include a discussion of retroactivity, the Court found the statement indicative of an intention to relieve all those whose claims were timely under the new law of the time-limit imposed by prior law. Id. 302-03, 364 A.2d 1043.
The Court also considered the purpose of the Act to determine whether the Legislature intended to apply the amendment retroactively. Noting that "the Workmen's Compensation Act is to be liberally construed . . . and always conscious of the beneficent purposes of this important social legislation, [the Court] perceive[d] no reason why the Legislature would have wished to place any greater limitation upon the reach of the statute than can sensibly be drawn from its language." Id. at 303, 364 A.2d 1043 (citations omitted).
The Court held that the amendment should be applied to permit the petitioner's claim, which was cognizable under the amended law in effect by the time of the hearing. Id. at 306-07, 364 A.2d 1043 (concluding that the amendment did not revive expired claims but extended the jurisdiction of the workers' compensation division to permit consideration of such claims).
We see no reason to take a different view of the Legislature's intention in this case. The fiscal note prepared for this legislation is not as informative as the fiscal note considered in Harris, and the statements to these bills do not detail the purpose of the amendment as clearly as the statements considered in Panzino. In this case, however, the question of retroactivity was squarely presented to the members of the committee by a witness who advised committee members of the need for clarification and advocated for a provision limiting application to deaths occurring after the effective date of the amendment. A bill that would have imposed that limitation was pending before the same committee, and a primary sponsor of a bill imposing that limitation joined in sponsoring a bill that did not so limit the amendment. Given the decisions in Harris and Panzino, it is reasonable to conclude that the Legislature would expect us to take a similar view of its intention and would have acted to avoid that result if it intended something different.
Accordingly, on the basis of this legislative history and the beneficial purpose of the Act and this amendment, we conclude that the Legislature intended judges of compensation to apply the revised formula in determining the amount of the death benefit payable to dependents for dates after the effective date in pending cases.
The dissenting member of our panel concludes that there is insufficient evidence of the Legislature's intention to support a determination that the Legislature intended to extend the benefit of this amendatory act to pending claims based on deaths occurring prior to the effective date of the amendatory act. Post at 51, 922 A.2d at 780. In accordance with Gibbons, we find that intention "implied [because] retroactive application [is] necessary to . . . give [this amendatory act] the most sensible interpretation." 86 N.J. at 522, 432 A.2d 80.
In discharging our responsibility to avoid mechanistic application of the rule favoring prospective application, which is "`no more than a rule of statutory interpretation,'" ibid. (quoting Rothman v. Rothman, 65 N.J. 219, 224, 320 A.2d 496 (1974)), we do not rely on the fiscal notes that accompanied these bills, which we acknowledge are "not as informative as the fiscal note considered in Harris." Ante at *778 46, 922 A.2d at 777. Rather, in accordance with "well-settled rules concerning the circumstances in which statutes should be applied retroactively," Gibbons, supra, 86 N.J. at 522, 432 A.2d 80, and based on the authorities discussed above, we consider the purpose of the Act, the provisions of the amendatory act and competing bills, and the approach the Legislature would expect courts to take based on prior precedents.
Having determined that the Legislature intended retroactive application, the question remains "whether retroactive application is an unconstitutional interference with `vested rights' or will result in a `manifest injustice.'" Twiss, supra, 124 N.J. at 467, 591 A.2d 913. "Retroactive legislation that impairs or destroys a `vested right' may violate the due process clauses of the federal, U.S. Constitution amendment XIV, section 1, or state, N.J. Constitution article 1, paragraph 1, constitutions. Retroactive civil legislation, however, generally does not violate due process unless it results in `particularly harsh and oppressive' consequences." Id. at 469-70, 591 A.2d 913 (citations omitted).
In the context of a constitutional challenge to retrospective application of a statutory amendment, a "`vested right' [is] a fixed interest entitled to protection from state action." Id. at 470, 591 A.2d 913. It has also been described as "a `present, fixed interest which in right, reason and natural justice should be protected against arbitrary state action-an innately just and imperative right that an enlightened free society, sensitive to inherent and irrefragable individual rights, cannot deny. . . .'" Harris, supra, 312 N.J.Super. at 50, 711 A.2d 331 (quoting Estate of Kolker, 212 N.J.Super. 427, 432, 515 A.2d 286 (Law Div.1986)).
We recognize that our courts have referred to the right of dependents to receive death benefits pursuant to the Act as one that accrues and vests at the time of the employee's death. See McAllister, supra, 42 N.J. at 59-60, 198 A.2d 765; Hansen v. Brann & Stewart Co., 90 N.J.L. 444, 445, 103 A. 696 (Sup.Ct.1917). Our courts have not held, however, that an employer has a "vested right" to pay dependents of a deceased employee benefits at the level fixed by statute at the time of the employee's death regardless of subsequent statutory amendment. Cf. State ex rel. Briggs & Stratton Corp. v. Noll, 100 Wis.2d 650, 302 N.W.2d 487 (1981) (holding retroactive increase in benefits violated state constitution).
In McAllister the Supreme Court held that the dependants of a deceased worker were entitled to higher benefits available pursuant to a statutory amendment that was adopted between the dates of the employee's injury and death. 42 N.J. at 59-60, 198 A.2d 765. The Court noted that the Act "vests a new and independent right to compensation in the dependents, that this new right accrues at the time of the employee's death, [and] that an increase in rates is not subject to any charge of retroactivity so long as it applies only to death occurring subsequent to the effective date of the legislation. . . ." Ibid. The Court held that "the application of the increase to such subsequent death involves no unconstitutional impairment of contract." Id. at 60, 198 A.2d 765. The Court was not required to consider and did not determine whether an amendment increasing the benefit amount after the date of the death could be applied to future benefits due.
In Panzino the Court firmly rejected any analogy between an employer's obligations under the Act and vested contractual rights. 71 N.J. at 305-06, 364 A.2d 1043. Recognizing that a worker's claim under the Act is "grounded in the statute," *779 the Court was satisfied that the Legislature could amend the Act "to enlarge[ ] the availability of th[e] statutory right" retroactively. Id. at 305, 364 A.2d 1043.
The employers in this case have an obvious and legitimate interest in paying lower death benefits, but we cannot conclude that this amendment, applied only to benefits payable after its effective date, results in manifest injustice or interferes with a vested right. Although these employers may have expected to pay less than seventy percent on the date of the employees' deaths, we cannot conclude that the expectation of paying a lesser benefit was one that the Legislature could not change by statute in order to extend the maximum benefit available under prior law to all cases. See Harris, supra, 312 N.J.Super. at 47-48, 711 A.2d 331 (distinguishing expectations and fixed interests); see generally Phillips v. Curiale, 128 N.J. 608, 620-27, 608 A.2d 895 (1992). The amendment is "`addressed to a legitimate end and the measures taken are reasonable and appropriate to that end.'" McAllister, supra, 79 N.J.Super. at 261, 191 A.2d 212 (quoting Home Bldg. & Loan Ass'n v. Blaisdell, 290 U.S. 398, 438, 54 S.Ct. 231, 240, 78 L.Ed. 413, 429 (1934)). Nor can we conclude that it is manifestly unjust to require these employers, who paid benefits in accordance with prior law pending final approval of settlement, to pay future benefits in accordance with the formula in effect at the time of the hearing. See N.J.S.A. 34:15-50; N.J.S.A. 34:15-58.
It is significant that the application of the amendment we approve does not give full retroactive effect to the amendment. By that we mean that the amendment will not be applied to require recalculation of benefits paid for dates prior to its effective date. In Harris, recognizing that the petitioner sought to avoid the offset for wages only with respect to benefits payable after the effective date of the amendment, this court concluded that such an application of the Act involved "at most, secondary retroactivity," meaning that the amendment would "affect[] past transactions" but "ha[ve] exclusively future effects." 312 N.J.Super. at 49, 47-50, 711 A.2d 331. "A secondarily retroactive law is valid so long as it is not arbitrary or capricious." Id. at 49, 711 A.2d 331 (citing Citizens for Equity v. New Jersey D.E.P., 252 N.J.Super. 62, 599 A.2d 516 (App.Div.1990), aff'd, 126 N.J. 391, 599 A.2d 507 (1991)).
In this case, the petitioners in pending cases sought benefits calculated at seventy percent of wages only from the effective date of the amendment forward.[4] As in Harris, such an application of the amendment involves nothing more than secondary retroactivity. While the amendment operates on the basis of rights and obligations acquired at the time of the workers' deaths, the increase in the benefit amount has effect only in the future. The Legislature's determination to extend a benefit based upon seventy percent of wages to the dependents of eligible deceased workers, regardless of the number of his or her dependents, is consistent with *780 the remedial purposes of the Act and neither arbitrary nor capricious.
Where, as here, the Legislature intends to give retroactive effect to a statutory amendment and that application of the amendment will not result in manifest injustice or unconstitutionally burden a vested right, courts apply the law in effect at the time of decision. Twiss, supra, 124 N.J. at 467, 591 A.2d 913. Accordingly, we affirm the orders entered by the judge of compensation on the petitions of Bush and Herzer and reverse and remand the orders entered by the judge of compensation in Cruz and Hohl.
Petitioner Herzer raises one additional argument. She contends that the attorney fee awarded on the initial order approving settlement was inadequate because the judge of compensation set the fees as if her lifetime death benefit was payable for only 450 weeks. The fee awarded is not manifestly inadequate or the product of an abuse of discretion. Akef v. BASF Corp., 305 N.J.Super. 333, 341, 702 A.2d 519 (App.Div.1997). For that reason, we do not address the question whether the court must consider the life expectancy of a petitioner who is awarded dependency benefits in setting "a reasonable attorney fee, not exceeding 20% of the judgment. . . ." N.J.S.A. 34:15-64a.
The orders in Bush and Herzer are affirmed. The orders in Cruz and Hohl are vacated, and those claims are remanded for further proceedings. We do not retain jurisdiction.
HOLSTON, J.A.D., dissenting.
Absent a clear expression of legislative intent mandating retroactive application of a statute, there are three situations in which it is well-settled that a statute is to be applied retroactively: (1) where the Legislature has explicitly or implicitly expressed its intent that a statute be applied retroactively; (2) where the statute is ameliorative or curative; or (3) where such considerations as the expectation of the parties warrant retroactive application. Gibbons v. Gibbons, 86 N.J. 515, 522-23, 432 A.2d 80 (1981). Clearly the 2004 amendment to N.J.S.A. 34:15-13a-e (amendment) is not curative and does not warrant retroactive application based upon parties' expectations. I disagree, however, with the majority's conclusion regarding the legislative history of the amendment. Because I find that the legislative history of the amendment does not explicitly or implicitly express the Legislature's intent to have the amendment apply retroactively, I conclude that the amendment was intended to apply prospectively only. Therefore, I respectfully dissent.
"The general rule of statutory construction followed by New Jersey courts favors prospective application of statutes." Street v. Universal Mar., 300 N.J.Super. 578, 580, 693 A.2d 535 (App.Div.1997). Street, supra, involved an amendment to N.J.S.A. 34:15-36, which eliminated compensation benefits to employees eligible for benefits under the Longshore & Harbor Worker's Compensation Act, 33 U.S.C.A. § 901 et seq. The plaintiffs were receiving benefits under N.J.S.A. 34:15-36, and if applied retroactively, the amendment would have eliminated their benefits. This court held that the term in the amendment, "shall take effect immediately," did not constitute intent by the Legislature to apply the amendment retroactively. We were persuaded, "that had the Legislature intended to effect a dismissal of those claims, it would have expressed that intent explicitly." Id. at 582, 693 A.2d 535.
The majority relies upon Harris v. Branin Transport, Inc., 312 N.J.Super. 38, 711 A.2d 331 (App.Div.), certif. denied, 156 N.J. 408, 719 A.2d 640 (1998) and Panzino *781 v. Continental Can Company, 71 N.J. 298, 364 A.2d 1043 (1976), as support for their holding. In Harris, we concluded that an amendment to N.J.S.A. 34:15-13 should apply retroactively based on the implicit guidance in the legislative history. Specifically, we relied upon the fiscal note to Assembly bills No. 2280 and 2305 that "contains an economic analysis of how much it will cost to provide benefits for dependents who are currently affected by the offset." Harris, supra, 312 N.J.Super. at 44-45, 711 A.2d 331. We stated "the tone of the economic analysis contained in the fiscal note to the amendment gives some weight . . . that the Legislature intended existing cases to be considered under the amendment." Id. at 46, 711 A.2d 331.
The majority concludes that this case is similar to Harris because there was a fiscal note that accompanied the amendment to the statute. However, this case differs significantly from Harris, based upon the content of the note. In Harris, the fiscal note took into account the "136 dependent spouses currently receiving reduced benefits due to employment. . . . Thus the bill would require total additional supplemental benefits . . . with annual increases thereafter." Id. at 45, 711 A.2d 331 (emphasis in original). The fiscal note in this case makes no reference to parties currently receiving benefits. In fact, the fiscal note is based on the average claim and shows the economic effect using that as its basis. The lack of any mention of current benefit recipients or any showing as to the effect that the retroactive application would have on the economy implies that the Legislature did not intend the amendment to apply retroactively.
In Panzino, supra, the Court considered a claim for occupational hearing loss filed six years after petitioner retired that was statutorily time barred on the date it was filed. 71 N.J. at 300, 364 A.2d 1043. The statutory amendment to N.J.S.A. 34:15-34, the then relevant limitations statute, abrogated the time limitation. Id. at 301, 364 A.2d 1043. The amendatory act took effect on the date it was approved. Ibid. The Court in determining that the amendment was to apply retroactively relied upon the sponsor's statement which "clearly identified the mischief sought to be corrected[,]" i.e. "burdensome" and "arbitrary" time restrictions on the filing of occupational disease claims, which often do not manifest themselves until years after exposure. Id. at 302, 364 A.2d 1043. However, as conceded by the majority, the statements in the bills in issue here do not clearly identify the purpose of the amendment. Therefore, unlike Panzino, the legislative statements do not give rise to an inference that the Legislature intends the statute be applied retroactively.
Further, I disagree with the majority's reliance on the remarks of New Jersey State Bar Association representative Jeffrey Newby, Esq. as establishing the Legislature's intent as to the retroactivity of the amendment. Nothing in the legislative history suggests that the Legislature chose not to change the language "this act shall take effect immediately," because of Newby's remarks. Rather, the legislative history suggests that the Legislature made no affirmative decision concerning the effect the language "this act shall take effect immediately" should be given based on Newby's testimony. The Legislature may have logically concluded that if the Bar Association itself viewed the law as applying only to prospective dependency claims, then that would dispose of any potential issue as to the meaning of the words "this act shall take effect immediately."
New Jersey courts have consistently held that prospective applications of amendments to statutes are favored over *782 retroactive applications. Gibbons, supra, 86 N.J. at 521, 432 A.2d 80; see Lombardo v. Revlon, Inc., 328 N.J.Super. 484, 490-91, 746 A.2d 475 (App.Div.2000) (where this court held that the language "shall take effect immediately," made the statute effective the date enacted, and expressed the Legislature's intent that the statute not be applied retroactively); see also Gianforte v. Crucible Steel Co. of Am., 25 N.J.Super. 183, 188, 95 A.2d 632 (Law Div.1953) (quoting Nichols v. Bd. of Educ. 9 N.J. 241, 248, 87 A.2d 894 (1952)) ("[w]ords in a statute ought not to have a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them."). In Gianforte, supra, the Law Division determined that an amendment to a workers compensation statute did not apply retroactively as there was nothing to show that the Legislature intended it to do so. Id. at 188, 95 A.2d 632 ("a statute speaks as of the time it goes into effect"). Furthermore, the "[death benefits under the] Workmen's Compensation Act . . . accrue[] at the time of the employee's death, [and] an increase in rates is not subject to any charge of retroactivity so long as it applies only to death occurring subsequent to the effective date of the legislation[.]" McAllister v. Bd. of Educ., 42 N.J. 56, 59-60, 198 A.2d 765 (1964).
Based upon the Legislature's lack of implicit or explicit intent to apply the amendment retroactively, the general principle that a statute takes effect as of the time it goes into effect, and the general principle that statutes should not be applied retroactively, I am convinced that the amendment does not apply retroactively. Therefore, I respectfully dissent from the majority's opinion.
NOTES
[1] Both bills also included provisions, not relevant here, related to occupational disease. See L. 2003, c. 253, §§ 2-3.
[2] Hearing on S. 1522 Before the Senate Labor Committee (Dec. 9, 2002) (statement of Patricia Savage), available at http://www.njleg. state.nj.us (search "Archived Proceedings"; select "2002-2003" session; then follow "Senate Labor" for December 9, 2002).
[3] Hearing on S. 1522, supra.
[4] Petitioner Herzer's claim was presented to the judge of compensation as a motion to reopen the judgment. See N.J.S.A. 34:15-58. Relying upon N.J.S.A. 34:15-22, which applies to agreements concerning disability between employers and employees, the employer, Classical Cars Nissan, Inc., asserts that the order approving settlement was final. When petitioner's motion to reopen was heard by the judge of compensation, the employer did not argue that the judge lacked authority to reopen the judgment. See Camp v. Lockheed Electronics, Inc., 178 N.J.Super. 535, 429 A.2d 615 (App.Div.) (discussing discretion to reopen), certif. denied, 87 N.J. 415, 434 A.2d 1090 (1981).